IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. MARSOUN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No: 1:07-cv-02078-JDB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION TO DISMISS COMPLAINT**

DEFENDANT, the United States of America, moves the Court to dismiss plaintiff's complaint on the grounds that plaintiff: 1) failed to exhaust administrative remedies; 2) failed to state actionable claims under § 7433; and 3) failed to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: February 28, 2008        Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone: 202-514-9961
Email: Duston.Barton@usdoj.gov

2982436.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. MARSOUN, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | No: 1:07-cv-02078-JDB |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks damages for "each disregard." The complaint should be dismissed because 1) plaintiff failed to exhaust his administrative remedies; 2) most of the allegations in the complaint do not involve collection activities and thus fall outside of § 7433's limited waiver of sovereign immunity; and 3) those counts arguably within § 7433 fail to state a claim upon which relief can be granted.

STATEMENT

1. <u>Introduction & background</u>. Plaintiff Michael R. Marsoun filed this complaint on November 13, 2007. The complaint seeks damages under 26 U.S.C. § 7433. (Compl. at 18). Plaintiff organized his complaint into 41 purported "counts" of alleged

wrongdoing by the Internal Revenue Service. In each count, plaintiff makes no factual allegations, but merely restates statutory language and assert that the Internal Revenue Service has failed to implement certain statutes and regulations.

## ARGUMENT

I.  **The Complaint Fails to State a Claim Because Plaintiff Has Not Exhausted His Administrative Remedies.**

Under 26 U.S.C. § 7433(a), prior to bringing suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must first exhaust his or her administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff withing the Internal Revenue Service." 26 U.S.C. 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under § 7433. *See* 26 C.F.R. § 301.7433-1(e). Specifically, an aggrieved taxpayer must first submit his or her claim "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id.* Plaintiff does not allege that he filed an administrative claim in accordance with the regulations. Thus, plaintiff has failed to state a claim upon which relief can be granted and his complaint should be dismissed. *See Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006). *See also, e.g., McGuirl v. United States,* 360 F.

Supp. 2d 125, 128 (D.D.C. 2004) (failure to exhaust administrative remedies precludes Court's exercise of subject matter jurisdiction).

II.  **The Court Lacks Subject Matter Jurisdiction Over Most Counts in the Complaint Because They Do Not Involve Collection Activities.**

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *E.g., Martens v. United States,* No. 05-1805, 2007 WL 2007580, at *1 (D. D.C. July 6, 2007). In a suit against the United States, a plaintiff must demonstrate that Congress has explicitly waived its immunity from suit. *See, e.g., Block v. North Dakota*, 461 U.S. 273 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress.") Here, plaintiffs assert that the Court has jurisdiction under the Administrative Procedures Act ("APA") to "compel agency action unlawfully withheld or unreasonably denied . . . and to hold unlawful" any agency act not in accordance with the Internal Revenue Code. (Compl., Jurisdiction, at 3). Any action brought under the APA, however, is barred if it concerns the assessment or collection of federal taxes. *See Murphy v. Internal Revenue* Service, 493 F.3d 170, 174 (D.C. Cir. 2007); *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987). Moreover, the APA does not waive sovereign immunity with respect to suits for money damages. *See, e.g. Buaiz v. United States*, 471 F.Supp.2d 129, 138 (D. D.C. 2007). Thus, the Court lacks subject matter jurisdiction under the APA.

Plaintiff also asserts that the court can award damages pursuant to § 7433 of the Internal Revenue Code. (Compl. at 3). However, § 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz*, 471 F.Supp.2d at 137 ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that Internal Revenue Service incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

Accordingly, all allegations in plaintiff's complaint which involve *non-collection* activities are not cognizable under § 7433, and must be dismissed. These non-collection activities are found in counts alleging violations of notice of record-keeping requirements (counts 1-2); preparation of substitutes for returns for taxpayers who fail to file tax returns (counts 3-8); failure to disclose returns and return information (count 9); use of taxpayer identification numbers (count 10); assessment of taxes (counts 11-17); failure to implement Internal Revenue Code sections (count 18, 20-26, 28-29, 34, 37-38); failure to verify that a supervisor approved the initial penalty determination (count 33);

unlawful disclosure of return information (count 39); unlawful prosecution of plaintiff (count 40); and making false claims resulting in the conviction of plaintiff for tax crimes (count 41).

### III. The Court Should Dismiss Plaintiffs' Remaining Claims for Failure to State a Claim Upon Which Relief Can Be Granted.

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks $10,000 for each alleged disregard of statutory requirements. (Compl., Remedy Sought, at 18.) Plaintiff's complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, the complaint must also give "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). Plaintiff's complaint merely restates statutory language and alleges no facts to support a claim for damages. Since plaintiff's compliant fails to provide either notice of the basis of their claims or the grounds upon which they rest, this court should conclude that plaintiffs have not, in fact or law, stated a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Plaintiff alleges only seven counts that arguably relate to collections. These counts allege that the Internal Revenue Service has 1) exceeded the limits imposed on its authority to collect taxes by failing to implement certain procedures (count 19); 2) failed to give notice and demand payment within 60 days after making an assessment (count 27); 3) engaged in abusive or oppressive conduct while collecting unpaid taxes (count 30); 4) failed to hold a hearing before levy (count 31); 5) asserted a lien without giving proper notice (count 32); 6) asserted liens without proper assessments (count 35); and 7) failed to certify notice(s) of lien(s) (count 36).

Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever that sets forth the basis of their claims and shows that plaintiff is entitled to relief. Thus, these allegations fail to state a claim upon which relief can be granted.

First, in count 19, plaintiff alleges that the Internal Revenue Service disregarded § 6301 of the Internal Revenue Code by failing to implement and develop procedures that 1) ensure that supervisors review an employees determination to file liens and levies; 2) provide for disciplinary action when those procedures are not followed; and 3) certify that the employee has (a) reviewed the taxpayer's information, (b) verified that a balance is due, and (c) affirmed that the action taken is appropriate given the taxpayer's circumstances.1/ (Compl., Count 19 at 10-11). Plaintiff has only parroted language

---

1/ It is worth noting that contrary to what is stated in the complaint, neither § 6301 nor 112 Stat. 758 (1998) require "a certification that the employee has (1) reviewed

2982436.1                                    - 7 -

from a statute and have provided no factual basis for this allegation and no information from which the court can conclude that they are entitled to relief.

Second, in count 27, plaintiff states that the Internal Revenue Service failed to "within 60 days after the making of an assessment . . . give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." (Compl., count 27 at 13). Again, the complaint is devoid of any factual basis and the defendant is unable to determine the grounds for the complaint. Plaintiff does not even aver that an assessment was made. And, it is unknown if he is alleging that notice was never given, or if it was late. Assuming that notice was timely given, it cannot be ascertained from the complaint whether plaintiff is alleging that the notice failed to demand payment or misstated the amount. Again, plaintiff fails to provide any factual information to form a basis for his complaint.

Third, plaintiff alleges that the Internal Revenue Service engaged in abusive or oppressive conduct while collecting unpaid taxes. (Compl., count 30 at 14). 26 U. S. C. 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." However, plaintiff merely recites the statutory language,

---

the taxpayer's information; (2) verified that a balance is due; and (3) affirmed that the action . . . is appropriate." (Compl. At 10-11). The statute states only that "the review process under subsection (a)(1) *may* include [such certification]" 112 Stat. 758 (a)(1) (emphasis added).

2982436.1                              - 8 -

without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute. *See Wesselman v. United States*, 2007 WL 2332321 (D. D.C. 2007) (merely parroting the language of §6304(b) insufficient to survive motion to dismiss).

Fourth, plaintiff alleges that employees of the Internal Revenue Service failed to hold a hearing "in conjunction with" § 6330. (Compl., count 31 at 14). Section 6330 requires that a before a levy is made, notice be given at least thirty days in advance. 26 U.S.C. § 6330. Moreover, the notice must inform a person that they can request a hearing during the 30-day period between notice and the levy. *Id.* A hearing is *not* required under any subsection of § 6330 as the complaint implies unless it has been requested. *Id.* Plaintiff fails to state if he received notice of a levy, if the notice contained information about his right to request a hearing, or if he did in fact request a hearing. There are simply no facts in the complaint to give defendant "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz*, 534 U.S. at 507.

Fifth, plaintiff alleges that Internal Revenue Service employees asserted a lien without giving proper notice and without making demand. (Compl., count 32 at 15). The plaintiffs again make a bare assertion devoid of factual support. The Court cannot determine what lien, if any, the plaintiffs are asserting was made, for which period the

lien was asserted, whether a notice of a federal tax lien was filed, how the notice was allegedly deficient, or any other fact which would entitle plaintiffs to relief.

Sixth, plaintiff alleges that Internal Revenue Service employees asserted liens for which no assessment was made in accordance with Internal Revenue Code § 6203 and Federal Tax Regulation 301.6203-1. (Compl., count 35 at 15). The Court cannot determine what liens, if any, were made; for which period(s) the liens were asserted; and whether plaintiffs claim there was no assessments made or whether the assessments somehow ran afoul of § 6203. If the latter, the Court cannot determine how the assessments allegedly were made contrary to § 6203.

Seventh, plaintiff alleges that Internal Revenue Service employees "failed to certify notice(s) of lien(s)." (Compl., count 36, at 16). The Court cannot determine what lien(s), if any, the plaintiff is referring to, for which period the lien(s) was asserted, or any other fact which would entitle plaintiff to relief.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any factual information whatsoever to demonstrate their right to relief. Accordingly, they have failed to state a claim upon which relief can be granted, and this Court should dismiss the complaint. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1964-65.

## CONCLUSION

For the aforementioned reasons, the complaint should be dismissed with prejudice.

DATE: February 28, 2008.        Respectfully submitted,

<div style="margin-left: 3em;">

/s/ Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel./FAX:  (202)514-9961/514-6866
Email: duston.barton@usdoj.gov

</div>

OF COUNSEL
JEFFREY A. TAYLOR
United States Attorney

2982436.1                               - 11 -

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that service of the foregoing MOTION TO DISMISS COMPLAINT and proposed ORDER has been made February 28, 2008, by mailing, postage prepaid, addressed to:

>Michael Robert Marsoun
>74-5533 Luhia St. Suite B-1A-393
>Kailua-Kona, Hawaii 96740

/s/ Duston K. Barton
DUSTON K. BARTON

2982436.1

- 12 -

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. MARSOUN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No: 1:07-cv-02078-JDB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Having considered the United States' motion to dismiss plaintiff's complaint and any opposition thereto, the Court hereby:

ORDERS that the United States' motion to dismiss is granted; and

ORDERS that plaintiff's complaint is dismissed with prejudice.

_____
JUDGE JOHN D. BATES
U.S. District Court Judge

3091675.1