IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. MARSOUN, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | No: 1:07-cv-02078-JDB |

**UNITED STATES' REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

In its motion to dismiss, the United States argued that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. Specifically, 1) plaintiff failed to exhaust his administrative remedies, 2) plaintiff's "counts" not involving collection activity were not actionable under 26 U.S.C. § 7433, and 3) those "counts" involving collection activities were factually insufficient to provide fair notice and grounds for relief.

On at least four prior occasions, this Court has dismissed near identical complaints under Fed R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies. *See Lindsey v. United States*, 448 F.Supp.2d 37, 61 (D.D.C. 2006); *Ross v. United States*, 460 F.Supp.2d 139 (D.D.C. 2006); *Turner v. United States*, 429 F.supp.2d 149, 153 (D.D.C. 2006); *Lutz v. Unites States*, 2007 WL 1954438, No. 06-1177, at *4 (D.D.C. 2007). However, the Supreme Court's recent decision in *Jones v. Bock*, 127 S.Ct. 910 (2007), calls these holdings into question. *See Shane v. Unites States*, No. 07-577, 2008 WL 101739 at * 7. If exhaustion is an affirmative defense and not a jurisdictional prerequisite, then

3203270.1

dismissal under Fed. R. Civ. P. 12(b)(6) for failing to exhaust administrative remedies may be inappropriate. *See id.*

The United States therefore reaffirms its motion to dismiss based upon plaintiff's failure to allege facts sufficient to state a claim for relief. Defendant's "counts" alleging noncollection activity are not actionable under § 7433, *see, e.g. Buaiz v. United States*, 471 F.Supp.2d 129, 135 (D.D.C. 2007), and those "counts" arguably involving collection activity do not provide the necessary factual detail to state a claim for relief. *See, e.g. Lindsey*, 448 F.Supp.2d at 41-42. Accordingly, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

In his opposition, plaintiff argues that the exhaustion requirement of 26 U.S.C. § 7433 is nonjursidictional and accordingly, "the Court's dismissal of Marsoun [sic] for lack of subject matter jurisdiction was clearly erroneous." (Opp. at 2.) However, Marsoun's complaint has not yet been dismissed--on jurisdictional grounds or otherwise. Moreover, the United States has not argued that the complaint should be dismissed for lack of subject matter jurisdiction. Although the United States believes that the exhaustion requirement of § 7433 *is* jurisdictional, given the Court's contrary holding in *Lindsey v. United States*, 532 F.Supp.2d 144, 148 (D.D.C. 2008), and *Shane*, 2008 WL 101739 at *5-6 (D.D.C. 2008), that argument was not raised in its motion to dismiss. Plaintiff's subject matter jurisdiction arguments are therefore irrelevant.

3203270.1                                                - 2 -

## CONCLUSION

For the foregoing reasons, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

DATE: April 18, 2008.    Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone: 202-514-9961
Email: Duston.Barton@usdoj.gov

OF COUNSEL
JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS with accompanying proposed ORDER has been made April 18, 2008, by filing the document with the Court and by mailing a copy, postage prepaid, addressed to:

> Michael Robert Marsoun
> 74-5533 Luhia St. Suite B-1A-393
> Kailua-Kona, Hawaii 96740

/s/ Duston K. Barton
DUSTON K. BARTON

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. MARSOUN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No: 1:07-cv-02078-JDB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

Having considered the United States' motion to dismiss plaintiff's complaint, the plaintiff's opposition, and the United States reply, the Court hereby:

ORDERS that the United States' motion to dismiss is granted; and

ORDERS that plaintiff's complaint is dismissed with prejudice.

_____
JUDGE JOHN D. BATES
U.S. District Court Judge

3091675.1