# United States District Court
## IN THE DISTRICT OF COLUMBIA

Michael R. Marsoun,

              Plaintiffs,

v.

UNITED STATES (Government),

              Defendant.

Case No: 1:07-CV-02078 (JDB)



RECEIVED
MAY 12 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## REQUEST FOR LEAVE TO AMEND COMPLAINT

### I
### INTRODUCTION

1. Although Fed. R. Civ. P. 15(a) establishes a Party's right to amend pleadings before a responsive pleading is served[1], Plaintiff in the above-captioned case nonetheless requests the Court grant leave to amend, which "shall be freely given when justice so requires". <u>Rule 15(a), Federal Rules of Civil Procedure</u>.

### II
### PLAINTIFF SEEK(S) LEAVE TO AMEND TO INCLUDE A STATEMENT OF FACTS AND TO ADVANCE ADDITIONAL JURISDICTIONAL BASIS

2. Apparently abandoning its reliance upon the tired old horse named "Sovereign Immunity" with respect to jurisdiction of claims under IRC 7433 (Reply to Response to Motion to Dismiss, pp. 1, 2 ) in light of *Shane v United States*,

---

[1] Rule 15. Amended and Supplemental Pleadings
(a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

1:07-cv-00577-RBW (January, 2008), defendant:

> The United States therefore reaffirms its motion to dismiss based upon plaintiff's failure to allege facts sufficient to state a claim for relief. Defendant's "counts" alleging noncollection activity are not actionable under § 7433, see, e.g. Buaiz v. United States, 471 F.Supp.2d 129, 135 (D.D.C. 2007), and those "counts" arguably involving collection activity do not provide the necessary factual detail to state a claim for relief. See, e.g. Lindsey, 448 F.Supp.2d at 41-42. Accordingly, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

(Reply to Response to Motion to Dismiss, pp. 1, 2 ).

3. Expounding upon the overall facial challenge to factual sufficiency, defendant first asserts:

> "Defendant's "counts" alleging noncollection activity are not actionable under § 7433, see, e.g. Buaiz v. United States, 471 F.Supp.2d 129, 135 (D.D.C. 2007)..." (sic)[2]

and then asserts:

> "...and those "counts" arguably involving collection activity do not provide the necessary factual detail to state a claim for relief. See, e.g. Lindsey, 448 F.Supp.2d at 41-42."

Defendant concludes immediately thereafter:

> "Accordingly, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted."

4. Addressing first the overall facial challenge to factual sufficiency, and the specific challenge regarding "...those "counts" arguably involving collection activity...", Plaintiff has asserted, and re-asserts, that *Haines v. Kemer*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 affords pro se Plaintiffs wide latitude in their pleadings. And points out that *Shane* noted, p. 7, that:

---

[2]Defendant is confused. These are Plaintiff pro se's "counts".

> Broadly speaking, there are two types of Rule 12(b)(1) motions. "A facial challenge attacks 'the factual allegations of the complaint' that are contained on 'the face of the complaint,' while a factual challenge is addressed to the underlying facts contained in the complaint." Al-Owhali, 279 F. Supp. 2d at 20 (quoting Loughlin v. United States, 230 F. Supp. 2d 26, 35-36 (D.D.C. 2002) (citations omitted))...**For this latter type of challenge, plaintiffs must "be given an opportunity for discovery of facts necessary to establish jurisdiction." *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001) (citations omitted).** (emphasis added)

5. It appears that defendant is posing "this latter type of challenge", i.e., that Plaintiff's Complaint in the instant case is factually deficient in respect of "...those "counts" arguably involving collection activity...". If this analysis is correct, Plaintiff asserts that dismissal would be a drastic remedy[3], and that the ends of justice, for which this Honorable Court, and its Rules, exist, would be best served by affording this *pro se* Plaintiff an opportunity to amend his Complaint to include a Statement of Facts - similar to the *Ignatiev* "opportunity for discovery of facts" - to cure any factual insufficiency.

6. With respect to the specific challenge regarding "Defendant's "counts" alleging noncollection activity..." (sic)[4], citing *Buaiz v. United States*, 471 F.Supp.2d 129, 135 (D.D.C. 2007), and to the Courts' considered decisions that "... "counts" alleging noncollection activity..." [counts 1 through 18, 20 through 26, 28, 34, and 37-38] are without the Court's jurisdiction under the "complex statutory scheme regulating the relationship between taxpayers and the IRS" *Buaiz*, p. 9, citing

---

[3]In that "12(b)(6) presents a ruling on the merits with res judicata effect." *Al-Owhali v. Ashcroft*, 279 F.Supp. 2d 13, 20 (D.D.C. 2003)" *Shane*, p. 6.

[4]See: Footnote 2, above.

Rossotti, 317 F.3d at 411, Plaintiff pro se seeks further leave to follow *Buaiz'* suggestion by amending his complaint to bring counts 1 through 18, 20 through 26, 28, 34, and 37-38 as *Bivens*[5] claims, over which jurisdiction cannot reasonably be questioned.

## III.

## STATEMENT OF FACTS TO CURE ANY PURPORTED DEFICIENCIES WILL REQUIRE LATITUDE IN RESPECT OF TIME

7. Plaintiff can and will provide the STATEMENT OF FACTS to support his Complaint, and its Amendment, but Plaintiff, a *pro se*, will need time to prepare same, particularly as to the *Bivens* claims, and respectfully requests a period of sixty (60) days to complete the arduous task of detailing the factual support for each count.

8. Plaintiff pro se believes that defendant will not, and cannot, be prejudiced by the Court's grant of this motion, in that defendant may only, at most, be required to answer the Complaint so amended (at which time defendant may raise any affirmative defenses).

WHEREFORE, Plaintiff request(s) the Court grant leave, and time, for Plaintiff pro se to prepare and file the Amended Complaint, lodged herewith.

Dated: _May 7_, 2008

---

[5]*Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

_____
Michael R. Marsoun

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on defendant's attorney at his address of record.

Dated _____May 7_____, 2008

_____
Michael R. Marsoun