Let this be filed.

*[signature]* 7/28/08

John D. Bates     Date

U.S. District Judge"

# United States District Court

## FOR THE DISTRICT OF COLUMBIA

Michael R. Marsoun,

                 Plaintiff,

      v.

UNITED STATES (Government),

                 Defendant.

Case No: 1:07-CV-02078 (JDB)

### AMENDED COMPLAINT[1]

COME(S) NOW Michael R. Marsoun, in his own right, Faretta v. California, 422 US 809, reserving his right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp 68991-68993  and brings this action:

1.     for denial of the right to due process of the tax law, administrative law, and record-keeping law of the United States pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), *Butz v. Economou*, 438 U.S. 478 (1978), and *Davis v. Passman*, 442 U.S. 228 (1979); and,

---

[1] For the convenience of the Court, Plaintiff *pro per* has, when possible, utilized the same paragraph numbers as in the original complaint.

2.    for disregard of provisions of the tax law of the United States and

regulations promulgated thereunder in connection with collection of tax

pursuant to Pub. L. 100–647, title VI, § 6241(a), Nov. 10, 1988, 102 Stat.

3747; *amended* Pub. L. 104–168, title VIII, §§ 801(a), 802 (a), July 30,

1996, 110 Stat. 1465; Pub. L. 105–206, title III, § 3102(a), (c), July 22,

1998, 112 Stat. 730.), *aka*, Title 26 United States Code § 7433.

### INTRODUCTION

It is beyond reasonable dispute that the Sixteenth (16th) Amendment to the United

States Constitution authorized Congress "to lay and collect taxes on incomes".

It is beyond reasonable dispute that Public Law 83-591, Chapter 736, *aka* the

Internal Revenue Code, was duly enacted on August 16, 1954 in Congress' exercise of that

Constitutional authority, and (as amended) is the Tax Law of the United States.

It is beyond reasonable dispute that the Fifth Amendment to the United States

Constitution secures the due process of law - including the Tax Law of the United States -

to all Citizens and/or persons within the jurisdiction of the United States.

It is beyond reasonable dispute that "Federal tax law begins with the Internal

Revenue Code (IRC)[2],

I.    **PARTIES**

A.    Michael R. Marsoun, plaintiff, is a Citizen of Hawaii, a Republic, "State in th[e]

Union," established in Art. IV § 4 United States Constitution, *see also*: Hooven &

Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address of record.

---

[2]Source: http://www.irs.gov/taxpros/article/0,,id=98137,00.html

B.    Defendant is the UNITED STATES OF AMERICA, established in Art. II,

United States Constitution.

## II.    JURISDICTION

A.    The district court of the United States has jurisdiction

1.    pursuant to §§ 704 and 706 of the ADMINISTRATIVE

PROCEDURE ACT, 80 Stat. 392; 393,  to determine whether

officers or employees responsible for agency actions[3] subject of

Counts one through forty-one, below, disregarded identified

provisions of the INTERNAL REVENUE CODE and regulations

promulgated thereunder; and,

2.    pursuant to the FEDERAL RECORDS ACT; 82 Stat. 1297, *et seq.*;

and the NATIONAL ARCHIVES ACT, 90 Stat. 2723, *et seq.*, to

review the agency record[4] for the purposes described in ¶ II.A.,

above; and,

3.    Upon such finding, the district court of the United States has power,

pursuant to § 706 of the ADMINISTRATIVE  PROCEDURE ACT[5],

80 Stat. 393, to compel agency action unlawfully withheld or

---

[3]The APA confers no jurisdiction for the purposes of calculating or awarding damages, and
Plaintiff makes no such assertion, confining the APA's inclusion herein to the Court's power to *review
agency actions*, i.e., "the whole or a part of an agency rule, order, license, sanction, relief, or the
equivalent or denial thereof, or failure to act;"  5 U.S.C. § 551(13), forming the bases for this Complaint.

[4]The FRA confers no jurisdiction for the purposes of calculating or awarding damages, and
Plaintiff makes no such assertion, confining the FRA's inclusion herein to the Court's power to *review
agency records*, required to be made by law in order to protect the legal, financial and other rights of both
the government and "persons whose rights are affected by government actions"  36 CFR §§ 1220.14;
1222.38.

[5]See Note 3, above.

unreasonably denied; Id., 80 Stat. 393 , and to hold unlawful and

set aside agency action, findings, and conclusions found to be,

    a. in disregard of, i.e., not in accordance with, the identified

    provisions of the INTERNAL REVENUE CODE and

    regulations promulgated thereunder;

    b. contrary to constitutional right, power, privilege, or

    immunity; in excess of statutory jurisdiction, authority, or

    limitations of the identified provisions of the INTERNAL

    REVENUE CODE and regulations promulgated thereunder,

    or

    c.  short of statutory right; without observance of procedure

    required by the identified provisions of the INTERNAL

    REVENUE CODE and regulations promulgated thereunder,

    and,

B.   The district court of the United States has jurisdiction pursuant to:

    1.   Article III, United States Constitution, for cases and controversies

    under the Constitution, and laws of the United States, and has

    inherent power to effect a remedy for the Constitutional Tort of

    denial of Due Process of Tax Law, <u>Bivens v. Six Unknown Fed.</u>

    <u>Narcotics Agents</u>, 403 U.S. 388 (1971) (for Counts 1-18); and

    2.   the Taxpayers' Bill of Rights, P.L 105-206, § 3102, 112 Stat 730,

    *aka* § 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,

    as amended, upon such finding(s), to award damages for such

disregard of identified provisions of the INTERNAL REVENUE

CODE and regulations promulgated thereunder, in connection with

collection.

## III.    VENUE

Venue is proper in the District of Columbia, (26 USC §7433), as the permanent

seat of government of the United States pursuant to Title 4, United States Code, § 71,

61 Stat. 643, wherein "The Office of the Secretary" is  required to be exercised,

pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised, at 1500

Pennsylvania. Ave. N.W., Washington D.C.

## IV.   ALLEGATIONS[6]

Plaintiff, in accordance with the "notice pleading" requirements set forth in

Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[7], and reiterated in

*Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), and as

modified by *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964

(2007), alleges:

Per the attached STATEMENT OF FACTS:

I have repeatedly sought, in response to an ongoing campaign of harassment by

correspondence, to obtain agency records from IRS officers and employees -

- records which are required to be made to document agency actions;

---

[6] This listing is not all-inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

[7] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

- records which may not be removed or destroyed;

- records to which my access is guaranteed by law,

to determine whether IRS performs/has performed ALL duties mandated by the IRC and regulations <u>with respect to me</u>.

Said IRS officers and employees have repeatedly refused to produce

- records documenting service of a notice upon me requiring me to keep specific records, make statements, or file returns with respect to taxes imposed in Subtitle A of Title 26, United States Code, in accordance with

  - Title 26, United States Code § 6001[8]; and

  - Title 26, Code of Federal Regulations § 1.6001-1(d)[9]; and

  - Delegation Order 24 (Rev. 2)[10]

providing the basis for Counts 1, 2, and 10 (Bivens).

- records documenting the Secretary's preparation of, and subscription to, Substitute(s) for Return(s), in accordance with

  - Title 26, United States Code § 6020(a);(b)(1) and (b)(2); and

  - Title 26, Code of Federal Regulations § 301.6020-1(b)(2),(3); or

  - IRM[11]  Part V, Chapter 2, § 5290; or

---

[8]See: Footnote 15.

[9]See: Footnote 18.

[10]See: Footnote 19, and  Internal Revenue Manual - 1.2.43 Delegation of Authorities for the Examining Process; IRM 1.2.43.17  (05-12-1997).

[11]Notwithstanding that the Internal Revenue Manual generally lacks the force and effect of law, United States v. New York Telephone Co., 644 F.2d 953, 959 n. 10 (2d Cir.1981), Petitioner contends that failure to follow IRC § 6020 procedures incorporated in the IRM violate established policies of the Service, including but not limited to, Policy P-1-1 ("...perform in a manner warranting the highest degree of public confidence in our integrity...(and) ...conduct themselves in a manner that will promote public confidence in themselves and the Service,"),  and Policy  P-1-178 ("...high ethical standards and a commitment to

- IRM Part V, Chapter 2, § 5293; nor

has IRS ever produced any record to show who, in the words of

Congress, "subscribed" any such SFR.

providing the basis for Counts 3 through 6, 9, 11 and 18 (Bivens).

- records documenting any proper assessment (assuming, on the basis of

  facts not within the record, a liability) in accordance with

  - Title 26, United States Code § 6201; and

  - Title 27, Code of Federal Regulations, the sole repository,

    according to the Office of the Federal Register's Parallel Table of

    Authorities[12] of regulations authorized by  Title 26, United States

    Code § 6201;

providing the basis for Counts 11 through 17 (Bivens), and 19 through 27

(IRC § 7433).

- records documenting any determination of deficiency, in accordance with

  - Title 26, United States Code § 6211;

providing the basis for Count 18 (Bivens).

- records documenting any review and verification of a tax "imposed by the

  internal revenue laws" and affirmation of propriety of action, in accordance

  with

  - Title 26, United States Code §§ 6301 and 6302;

providing the basis for Counts 19 and 20 (IRC § 7433).

---

serving the public with courtesy, efficiency and integrity," and therefore violate the IRS Restructuring and
Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, § 1203(b).

[12]See: Appendix 1, Parallel Table of Authorities and Rules, 2006.

- records documenting any notice given to Plaintiff, as a "person liable" for any unpaid Subtitle A tax, "stating the amount and demanding payment thereof", in accordance with

  - Title 26, United States Code §§ 6303, and 6304;

  providing the basis for Counts 21 and 22 (IRC § 7433);

- records documenting any collection due process hearing in which Plaintiff was able to raise underlying liability;

  providing the basis for Counts 22 and 23 (IRC § 7433);

- records supporting the filing of notice of lien;

  providing the basis for Counts 23 through 27 (IRC § 7433);

COUNT 1 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, Internal Revenue Code section 6001[13],:

---

[13]IRC Section 6001 begins:

> "Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe."

The language of section 6001's opening sentence imposes obligations, *inter alia*, only upon the "...person liable...", without specifying just who that "...person liable..." is (or that such "...person liable..." is, as a matter of law, "Every person...", liable or not), and requires acknowledgment that one might be a "person" without being a "...person liable...".
This interpretation is supported by section 6001's next sentence, which provides:

> "Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show *whether or not such person is liable* for tax under this title." (emphasis added)

Applying "the grammatical 'rule of the last antecedent,' *Barnhart v. Thomas*, 540 U.S. 20 (Scalia, J., 2003) to the construction of section 6001's second sentence (paraphrasing the Honorable Scalia's succeeding language): *"...according to which a limiting clause or phrase (here, the relative clause "by notice served upon such person or by regulations") should ordinarily be read as modifying only the noun or phrase that it immediately follows (here, "he may require any person"). See 2A N. Singer, Sutherland on Statutory Construction §47.33, p. 369 (6th rev. ed. 2000) ("Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent")."*
The Secretary's statutory discretion ("he may") extends only, by operation of "the grammatical 'rule of the last antecedent,' *Barnhart v. Thomas*, *supra*, to the means of giving notice "Whenever in the judgment of the Secretary it is necessary...".

68A Stat. 731, the Secretary[14] failed to notify Plaintiff, by notice served, of the

imposition of a requirement keep records, make statements, or file returns with respect

to any tax imposed in the Internal Revenue Code. Officers/employees delegated with

authority to perform the duty imposed upon the Secretary of the Treasury by Congress

include:

1.  District Directors, by regulation at 26 C.F.R. § 1.6001(d); Delegation Order
    24 (Rev. 2)[15], paragraph 3;

2.  Assistant Commissioner (International), by Delegation Order 24 (Rev. 2),
    paragraph 3;

3.  Assistant Deputy Commissioners, Division Commissioners; Deputy
    Division Commissioners, by Delegation Order 24 (Rev. 2), paragraph 3
    Note;

and may be redelegated to

4.  Examination and Employee Plans and Exempt Organizations Group
    Managers, by Delegation Order 24 (Rev. 2), paragraph 4;

5.  TE/GE Group Managers; LMSB Team Managers; W&I Examination

---

That the notice is necessary"...in the judgment of the Secretary..." is conclusively established as a matter of law by the Secretary's promulgation of (the "or by") federal tax regulation 26 C.F.R. § 1.6001-1, which, in its own subsection (d), specifies:

> (d) Notice by district director requiring returns statements or the keeping of records. *The district director may require any person, by notice served upon him, to make such returns, render such statements, or keep such specific records as will enable the district director to determine whether or not such person is liable for tax under subtitle A of the Code*, including qualified State individual income taxes, which are treated pursuant to section 6361(a) as if they were imposed by chapter 1 of subtitle A. (emphases added)

[14] "The term "Secretary" means the Secretary of the Treasury or his delegate." 26 U.S.C. § 7701(a)(11)(B).

[15] Internal Revenue Manual - 1.2.43 Delegation of Authorities for the Examining Process; IRM 1.2.43.17 (05-12-1997).

Group Managers; SB/SE Examination or Compliance Group Managers; or

equivalent, , by Delegation Order 24 (Rev. 2), paragraph 4 Note;

establishing that "...in the judgment of the Secretary it is necessary..." to serve notice

pursuant to Internal Revenue Code section 6001 , 68A Stat. 731.

COUNT 2 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, through disregard of Federal Tax

Regulation 26 CFR 1.6001-1, subsection (d)[16], promulgated pursuant to Internal

---

[16]     26 C.F.R. § 1.6001-1(d) makes clear that the discretion afforded by Congress in Code
section 6001 was withheld by the Secretary in his delegation of authority under Code section 6001, and
that the Secretary's delegate is to give notice of requirements to "*make such returns, render such
statements, or keep such specific records*" to "any person...*by notice served*". (emphases added).  The
Secretary's promulgation of 26 C.F.R. 1.6001-1(d) IS EVIDENCE of the Secretary's recognition of the due
process requirement of IRC Section 6001 .
       The Secretary's recognition of the due process requirement of IRC Section 6001, and the
withholding of the Secretary's discretion in that regard is further found in Delegation Order 24 (Rev. 2):

1.     Recordkeeping Requirement (Updated (10-02-2000) to reflect additional new
       organizational titles required by IRS Modernization.)

2.     Authority: To require any person, by notice served them, to keep records
       reflecting whether or not the person is liable for tax.

3.     Delegated to: Assistant Commissioner (International) and District
Directors.

       Note:
       This authority is also delegated to Assistant Deputy Commissioners, Division
       Commissioners; Deputy Division Commissioners.

4.     Redelegation: This authority may be redelegated to Examination and Employee
       Plans and Exempt Organizations Group Managers.

       Note:
       This authority may also be redelegated to TE/GE Group Managers; LMSB Team
       Managers; W&I Examination Group Managers; SB/SE Examination or
       Compliance Group Managers; or equivalent.

5.     Source of Authority: IRC Section 6001.

6.     To the extent that the authority previously exercised consistent with this order
       may require ratification, it is hereby approved and ratified. This order supersedes
       Delegation Order No. 24 (Rev. 1) effective May 12, 1986.

7.     Signed: John M. Dalrymple for James E. Donelson, Acting Chief Compliance

Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal

Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the

Internal Revenue Code; with intent to defeat the application thereof: known and

unknown delegates of the Secretary of the Treasury, which, upon information and

belief, include but may not be limited to IRS agents Beatrice M. Carpenter, Darwyn L.

Pearl, M. Brown, T. Brown, M. Provost,  Dennis L. Parizek , Richard M. Creamer, IRS

General Counsel, Cynthia Y. Nakamoto, Scott B. Prentky, Grant Kawamoto, C.

Kaminaka,Susan A. Hansen, Tim Conley, R. A. Mitchell,  Colin Chung, Paul Beene,

Mark Everson, and the Taxpayer Advocate, by and through delegation of authority in

Order Number 24[17], the Assistant Commissioner (International) and/or District Director

in the District encompassing Kailua-Kona, Hawai'i , Assistant Deputy Commissioners,

Division Commissioners; Deputy Division Commissioners, Examination and Employee

Plans and Exempt Organizations Group Managers, TE/GE Group Managers; LMSB

Team Managers; W&I Examination Group Managers; SB/SE Examination or

Compliance Group Managers; or equivalent(s), failed to notify Plaintiff, by notice

served, of the imposition of a requirement keep specific records, make statements, or

file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 3 (Bivens/Denial of Due Process of Tax Law)

---

[17]Delegation Order 24 (Rev. 2) IS MORE EVIDENCE of the Secretary's recognition, through his authorized delegate, the Acting Chief Compliance, of the legal requirement of prior notice.

The Secretary's recognition of the notice requirement is further shown by promulgation of Federal tax regulations 26 C.F.R. §§ 602.101 and 602.9000 — the regulations prescribed by the Secretary, "for the display of control numbers assigned by OMB to collections of information in Internal Revenue Service regulations," which identify  OMB Control Numbers for Information Collection Requests under federal tax regulation 1.6001-1.  In the absence of a legal requirement of the notice required by 26 U.S.C.  § 6001, as implemented by regulation at 26 C.F.R. § 1.6001-1(d), there would be no requirement under the Paperwork Reduction Act for the Secretary to seek OMB approval.

Federal tax regulations 26 C.F.R. §§ 602.101 and 602.9000 ARE MORE EVIDENCE of the Secretary's recognition of the due process requirement of prior notice.

By denial of the due process of tax law, Internal Revenue Code section 6020 ,

68A Stat. 740,  subsection (a), or (b)(1), the Secretary[18] failed to prepare any

Substitute(s) for Return(s) in the name of  FIELD(Plaintiff 1) as authorized, Id., *if* a

"...person shall fail to make a return required..." (section 6001 provides the sole means

for imposing such requirement).   As detailed in the Herein, officers/employees

delegated with authority to perform the duty imposed upon the Secretary of the

Treasury by Internal Revenue Code section 6020, subsection (a), or (b)(1), - "If any

person required...fails" - include:

    1.     The Commissioner or other authorized internal revenue officers or

          employees, 26 C.F.R. § 301.6020-1(b)(2),(3);

such "other authorized internal revenue officers or employees" being:

    2.     Revenue officers, ACS and CSF managers, GS-9 and above, as specified

          in the Internal Revenue Manual, at IRM  Part V, Chapter 2, § 5290; and,

    3.     any employee of a  Field Support Unit, as specified in the Internal

          Revenue Manual, at  IRM Part V, Chapter 2, § 5293;

establishing the Secretary[19]'s awareness of the due process requirement to prepare a

substitute for return pursuant to Internal Revenue Code section 6020(a) or (b)(1), "If

any person required...fails".

COUNT 4 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, through disregard of Federal Tax

Regulation 26 CFR 301.6020-1, subsection (a)(1), promulgated pursuant to Internal

---

[18] See note 15..

[19] See note 15.

Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal

Revenue Code section 6020, subsection (a) with respect to income tax, with intent to

defeat the application thereof: delegates of the Secretary of the Treasury, which, upon

information and belief, include but may not be limited to the Commissioner,  the District

Director, and the Taxpayer Advocate,  and IRS agents Beatrice M. Carpenter, Darwyn

L. Pearl, M. Brown, T. Brown, M. Provost,  Dennis L. Parizek , Richard M. Creamer, IRS

General Counsel, Cynthia Y. Nakamoto, Scott B. Prentky, Grant Kawamoto, C.

Kaminaka,Susan A. Hansen, Tim Conley, R. A. Mitchell,  Colin Chung, believed to be

Revenue officers, ACS and CSF managers, GS-9 and above, and employees of Field

Support Units, failed to prepare any Substitute(s) for Return(s) in the name of Michael

R. Marsoun.  The Secretary[20]'s prescription of 26 CFR 301.6020-1, subsection (a)(1)

establishes the Secretary[21]'s awareness of IRC section 6020(a)'s due process

requrement for preparation of a substitute for return "If any person required...fails".

COUNT 5 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, Internal Revenue Code section 6020 ,

68A Stat. 740, subsection (b)(2): the Secretary[22] failed to subscribe any Substitute(s) for

Return(s) in the name of Michael R. Marsoun.  As detailed in the Herein,

officers/employees delegated with authority to perform the duty imposed upon the

Secretary of the Treasury by Internal Revenue Code section 6020

subsection (b)(2) - "If any person required...fails" - include:

---

[20] See note 15.

[21] See note 15.

[22] See note 15.

1.    The Commissioner or other authorized internal revenue officers or
employees, 26 C.F.R. § 301.6020-1(b)(2),(3);

such "other authorized internal revenue officers or employees" being:

2.    Revenue officers, ACS and CSF managers, GS-9 and above, as specified
in the Internal Revenue Manual, at IRM Part V, Chapter 2, § 5290; and,

3.    any employee of a Field Support Unit, as specified in the Internal
Revenue Manual, at IRM Part V, Chapter 2, § 5293;

establishing the Secretary[23]'s awareness "such substitute for return...[is only "prima
facie good for all legal purposes"]...when subscribed by the Secretary[24] pursuant to
Internal Revenue Code section 6020(b)(2).

COUNT 6 (Bivens/Denial of Due Process of Tax Law)

By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2)
and (3), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917,
to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740,
subsection (b)(2) with respect to income tax, with intent to defeat the application
thereof: delegates of the Secretary of the Treasury, which, upon information and belief,
include but may not be limited to the Commissioner, the District Director, and the
Taxpayer Advocate, and IRS agents Beatrice M. Carpenter, Darwyn L. Pearl, M.
Brown, T. Brown, M. Provost, Dennis L. Parizek , Richard M. Creamer, IRS General
Counsel, Cynthia Y. Nakamoto, Scott B. Prentky, Grant Kawamoto, C. Kaminaka,Susan
A. Hansen, Tim Conley, R. A. Mitchell, Colin Chung, believed to be Revenue officers,

---

[23]  See note 15.

[24]  See note 15.

ACS and CSF managers, GS-9 and above, and employees of Field Support Units, identified in Order Number 182, failed to make and execute, in the form required, any Substitute(s) for Return(s) in the name of Michael R. Marsoun as authorized in section 6020, subsection (b)(2).

COUNT 7 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, Internal Revenue Code section 6103 , 68A Stat. 753, subsection (e): the Secretary[25] failed to disclose returns, e.g., Substitute(s) for Return(s), bearing Plaintiff's name, and Plaintiff's return information, to Plaintiff or Plaintiff's representative upon request[26]. As detailed in the Herein, officers/employees delegated with authority to perform the duty imposed upon the Secretary of the Treasury by Internal Revenue Code section 6103, subsection (c), include:

1.   IRS and Chief Counsel employees, by Delegation Order Number 11-2 (formerly Order Number 156)'

COUNT 8 (Bivens/Denial of Due Process of Tax Law)

By disregard of Federal Tax Regulation 26 CFR 301.6103(c)-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6103 , 68A Stat. 753, subsection (e), with intent to defeat the application thereof: known and unknown delegates of the Secretary of the Treasury, which, upon information and belief, include but may not be limited to the Commissioner,  the District Director, and the Taxpayer Advocate,  and IRS agents

---

[25]  See note 15.

[26]Additional disclosure failures are discused below.

Beatrice M. Carpenter, Darwyn L. Pearl, M. Brown, T. Brown, M. Provost,  Dennis L.

Parizek , Richard M. Creamer, IRS General Counsel, Cynthia Y. Nakamoto, Scott B.

Prentky, Grant Kawamoto, C. Kaminaka,Susan A. Hansen, Tim Conley, R. A. Mitchell,

Colin Chung, believed to be Revenue officers, ACS and CSF managers, GS-9 and

above, and employees of Field Support Units, under Delegation Order Number 11-2

(formerly Order Number 156), IRS and Chief Counsel employees to the extent

necessary to perform their official duties, failed to disclose returns, e.g., Substitute(s)

for Return(s), and return information to Plaintiff or Plaintiff's representative upon

request.

COUNT 9 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, Internal Revenue Code section 6109, 75

Stat. 828, subsections (c) and (d): the Secretary[27] failed to construe the specified

provisions *in pari materia* with Internal Revenue Code section 6001 , 68A Stat. 731, and

section 205(c)(2)(A) of the Social Security Act, purporting to require Plaintiff to obtain

and use a "social security account number", which, by the terms of the said section

205(c)(2)(A) of the Social Security Act,  is assignable by the Commissioner of Social

Security only to:

1.      aliens, *see* 42 USC § 405(c)(2)(B)(i)(I); and,

2.      applicants for/recipients of federal benefits, *see* 42 USC §

405(c)(2)(B)(i)(II)

effectively creating, in Plaintiff(s), a false status of "alien" and/or "applicant/recipient".

COUNT 10 (Bivens/Denial of Due Process of Tax Law)

---

[27]  See note 15.

By denial of due process of tax law, through disregard of Federal Tax Regulation 26 C.F.R. § 301.6109-1, subsection (a), paragraph (1), subparagraph (ii), clause (B); and subsection (d)(1), known and unknown delegates of the Secretary of the Treasury, which, upon information and belief, include but may not be limited to the Commissioner, the District Director, and the Taxpayer Advocate, and IRS agents Beatrice M. Carpenter, Darwyn L. Pearl, M. Brown, T. Brown, M. Provost, Dennis L. Parizek , Richard M. Creamer, IRS General Counsel, Cynthia Y. Nakamoto, Scott B. Prentky, Grant Kawamoto, C. Kaminaka,Susan A. Hansen, Tim Conley, R. A. Mitchell, Colin Chung, believed to be Revenue officers, ACS and CSF managers, GS-9 and above, and employees of Field Support Units, purport to require Plaintiff, deprived of notice pursuant to Internal Revenue Code section 6001, 68A Stat. 731, and Federal Tax Regulation 26 C.F.R. 1.6001-1(d), to "apply...on Form SS-5" (Application for Social Security Number), failing to promulgate, in subsection (d), paragraph (3), a regulation addressing Citizens who, pursuant to the Form SS-5's Privacy Act Notice, "...do not have to give..." information sought on the Social Security Administration's information collection request, in the absence of IRC section 6001 notice.

COUNT 11 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), the Secretary[28] failed to limit assessments to:

      1.     Taxes shown on return 26 USC § 6201(a)(1); and,

      2.     Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

---

[28] See note 15.

IRC section 6201, subsection (a) establishes Congress' imposition of a due process requirement, except with respect to stamp taxes, for a return upon which assessment may be made.

IRC section 6001, as implemented by 26 C.F.R. 1.6001-1(d), provides the sole means of imposing a records and returns requirement.

IRC section 6020 provides the sole means of preparing substitutes for returns "If any person required...fails", and for making such substitutes for returns "prima facie good for all legal purposes".

COUNT 12 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, through disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: delegates of the Secretary of the Treasury assessed amounts assessable only upon those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

Plaintiff's Individual Master File shows erroneous designations, which kown and unknown delegates of the Secretary refused to correct.

COUNT 13 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, Internal Revenue Code section 6202, 68A Stat. 768, the Secretary[29] exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

---

[29] See note 15.

COUNT 14 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, Internal Revenue Code section 6203, 68A Stat. 768, the Secretary[30] failed to record assessment(s) in the office of the Secretary in the name of Michael R. Marsoun.

COUNT 15 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, through disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: delegates of the Secretary of Treasury failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment.

COUNT 16 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, through disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: known and unknown delegates of the Secretary of Treasury, which, upon information and belief, include but may not be limited to the Commissioner, the District Director, and the Taxpayer Advocate, and IRS agents Beatrice M. Carpenter, Darwyn L. Pearl, M. Brown, T. Brown, M. Provost, Dennis L. Parizek , Richard M. Creamer, IRS General Counsel, Cynthia Y. Nakamoto, Scott B. Prentky, Grant Kawamoto, C. Kaminaka,Susan

---

[30] See note 15.

review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

COUNT 20 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: one or more officers/employees of the Internal Revenue Service, which, upon information and belief, include but may not be limited to the Commissioner, the District Director, and the Taxpayer Advocate, and IRS agents Beatrice M. Carpenter, Darwyn L. Pearl, M. Brown, T. Brown, M. Provost, Dennis L. Parizek , Richard M. Creamer, IRS General Counsel, Cynthia Y. Nakamoto, Scott B. Prentky, Grant Kawamoto, C. Kaminaka,Susan A. Hansen, Tim Conley, R. A. Mitchell, Colin Chung, believed to be Revenue officers, ACS and CSF managers, GS-9 and above, and employees of Field Support Units, as delegates of the Secretary of Treasury, failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 21 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6304 , 112 Stat. 768, subsection

(b), paragraph (1), with intent to defeat the application thereof: one or more

officers/employees of the Internal Revenue Service, which, upon information and belief,

include but may not be limited to the Commissioner,  the District Director, and the

Taxpayer Advocate,  and IRS agents Beatrice M. Carpenter, Darwyn L. Pearl, M.

Brown, T. Brown, M. Provost,  Dennis L. Parizek , Richard M. Creamer, IRS General

Counsel, Cynthia Y. Nakamoto, Scott B. Prentky, Grant Kawamoto, C. Kaminaka,

Susan A. Hansen, Tim Conley, R. A. Mitchell,  Colin Chung, believed to be Revenue

officers, ACS and CSF managers, GS-9 and above, and employees of Field Support

Units, as delegates of the Secretary of Treasury, engaged in "conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with

the collection of any unpaid tax."

COUNT 22 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6320, 112 Stat. 746, with intent

to defeat the application thereof: agents M. Provost, followed by  agents Susan A.

Hansen and C. Kanimaka, followed by agents R. A. Mitchell and Colin Chung, as

delegates of the Secretary of Treasury, failed to afford Plaintiff a hearing in which

Plaintiff could raise the issue of underlying liability, in conjunction with subsections (c),

and (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

COUNT 23 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with intent

to defeat the application thereof: agent M. Provost, followed by  agents Susan A.

Hansen and C. Kanimaka, followed by agents R. A. Mitchell and Colin Chung, as

delegates of the Secretary of Treasury, asserted liens for failure or neglect to pay

without giving proper notice and without making demand.

COUNT 24 (IRC § 7433/disregard in connection with collection)

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), with intent to defeat the application thereof: agent M. Provost, followed by agents Susan A. Hansen and C. Kanimaka, followed by agents R. A. Mitchell and Colin Chung, as delegates of the Secretary of Treasury, failed to verify that a supervisor had personally approved, in writing, any initial penalty determination.

COUNT 25 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6322, 68A Stat. 779, with intent to defeat the application thereof: agent M. Provost, followed by agents Susan A. Hansen and C. Kanimaka, followed by agents R. A. Mitchell and Colin Chung, as delegates of the Secretary of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

COUNT 26 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: agent M. Provost, followed by agents Susan A. Hansen and C. Kanimaka, followed by agents R. A. Mitchell and Colin Chung, as delegates of the Secretary of Treasury, failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in California and Hawaii. State laws, enacted under the Sovereign Power of "States in this Union", Article IV, section 4, United States Constitution, require certification as a condition of filing.

COUNT 27 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection

(a), with intent to defeat the application thereof: agent M. Provost, followed by agents

Susan A. Hansen and C. Kanimaka, followed by agents R. A. Mitchell and Colin Chung,

as delegates of the Secretary of Treasury, unlawfully disclosed return information - by

filing notice(s) of lien(s) in stated amounts for which no record of assessment exists.

As shown in my Statement of Facts, filed concurrently, agents Susan A. Hansen and C.

Kanimaka, followed by agents R. A. Mitchell and Colin Chung, were unable or unwilling

to produce the records of assessment required to legally authorize the disclosures.

## V

## SPECIAL MATTERS

Counts one through twenty-seven, above, are realleged and incorporated as if

fully set forth herein. Upon information and belief, each disregard of provisions of the

INTERNAL REVENUE CODE and regulations promulgated thereunder identified above;

intended to defeat the application of the respective provision of the Internal Revenue

Code, is a separate and distinct violation of IRC § 7214(a)(3); felonies prosecutable by

defendant[32].

## REMEDY SOUGHT

.    Plaintiff seeks judgment,

under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), *Butz*

*v. Economou*, 438 U.S. 478 (1978), and *Davis v. Passman*, 442 U.S. 228 (1979),

---

[32]IRC § 7214 confers no jurisdiction for the purposes of awarding damages, and Plaintiff makes no such assertion, merely pointing out that the acts forming the bases for this Complaint may be prosecuted by the DOJ Criminal Division.

that known and unknown delegates of the Secretary of Treasury, including but

not limited to the Commissioner,  the District Director, and the Taxpayer

Advocate,  and IRS agents Beatrice M. Carpenter, Darwyn L. Pearl, M. Brown, T.

Brown, M. Provost,  Dennis L. Parizek , Richard M. Creamer, IRS General

Counsel, Cynthia Y. Nakamoto, Scott B. Prentky, Grant Kawamoto, C.

Kaminaka,Susan A. Hansen, Tim Conley, R. A. Mitchell,  Colin Chung, believed

to be Revenue officers, ACS and CSF managers, GS-9 and above, and

employees of Field Support Units, denied Plaintiff the due process of the Tax

Law of the United States; and further,

under Internal Revenue Cdde section 7433, that known and unknown delegates

of the Secretary of Treasury, including but not limited to the Commissioner,  the

District Director, and the Taxpayer Advocate,  and IRS agents Beatrice M.

Carpenter, Darwyn L. Pearl, M. Brown, T. Brown, M. Provost,  Dennis L. Parizek

, Richard M. Creamer, IRS General Counsel, Cynthia Y. Nakamoto, Scott B.

Prentky, Grant Kawamoto, C. Kaminaka,Susan A. Hansen, Tim Conley, R. A.

Mitchell,  Colin Chung, disregarded sections 6301, 6303, 6304, 6320, and 6323

of the Internal Revenue Code and/or regulations promulgated under those

sections, in connection with collection, and with intent to defeat the application

thereof; and

that damages, in an sum certain to be determined by the Court, be awarded.

Dated: July 21 , 2008

_____
Michael R. Marsoun

(jurat next page)

<u>Jurat</u>

Sworn to and subscribed before me, a Notary Public in the State of Hawaii, this 21st day of July, 2008.

_Shawna R. Yonemura_
Notary Public
My Commission expires: _August 22, 2011_

Shawna L. Yonemura

copy mailed this date to
defendant's attorney
at his address of record



Doc. Date: _July 21, 2008_   # Pages: _27_
Notary Name: Shawna L. Yonemura Third Circuit
Doc. Description: _____
_Amended Complaint_
_____

_Shawna R. Yonemura_ _July 21, 2008_
Notary Signature         Date

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

Dated: _July 21_ , 2008

# United States District Court

## FOR THE DISTRICT OF COLUMBIA

Michael R. Marsoun,

                                        Case No: 1:07-CV-02078 (JDB)

                  Plaintiffs,

        v.

UNITED STATES (Government),

                  Defendant.

### Statement of Facts of Michael R. Marsoun

1.   On or about December 6, 1996, IRS agent Beatrice M. Carpenter proposed "tax

     adjustments" to Plaintiff for years 1990, 1991, and 1992.  A copy was sent to my

     attorney of record in IRS files.

     I responded to Agent Carpenter, advising of the dismissal of attorney William

     Raymond and of new Power of Attorney, appointing Joseph Brune.

2.   On or about January 10, 1997, Agent Carpenter sent a Letter 968(RO) regarding

     Consent Forms.

     No Response on my behalf was necessary.

3.   Later in January, 1997, Agent Carpenter sent a new POA form 2848, and

     requested I revise the submitted form.

     On or about January 23, 1997, my attorney Joseph Brune contacted Agent

     Carpenter, and raised certain issues of law, asking "What Internal Revenue

Laws?" generally located at 26USC §§1, et.seq. are relevant to anything other than and/or in addition to the enforcement of Title III of the National Prohibition Act?"

Agent Carpenter was obligated to respond by Service Policy P-6-20 , "to make available to all taxpayers comprehensive, accurate, and timely information on the requirements of tax law and regulations."

Agent Carpenter failed to respond.

4.    On or about March 26, 1997, agent Darwyn L. Pearl sent a letter 894 (RO) purported to be "Notice of Deficiency" for tax years 90, 91, 92.

Attorney Thomas Roberts responded on my behalf on or about April 10, 1997, seeking Appeal of administration collections, and requesting 30 day grace period pending receipt of documents requested by Privacy Act request, also dated April 10, 1997.

Although the Federal Records Act, as well, entitled me to the documentary history leading up to the Notice, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated Agent Pearl to be aware of all of these requirements of law, no response was received.

5.    On or about October 30 1997, Attorney Joseph Brune sent a letter to three IRS representatives in response to a CP504 (which had asserted a balance due for tax years 90,and 91, omitting 92, and adding 93), demanding production of required documentation or, alternatively, that IRS cease and desist collection activities.  Further requests were made of IRS to furnish documentation   to verify IRS position.  Twenty days was given for a response.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the CP504, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated the three unknown agents to be aware of all of these requirements of law, no response was received.

6.    On or about December 2, 1997, Attorney Thomas Roberts responded to IRS letter CP-518 tax year 1996, requesting documentation used to determine 1.) what tax Michael Marsoun is liable for, 2.) what form Michael Marsoun is required to file, 3.) what  type of taxpayer the IRS records indicate that Michael Marsoun is.;

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the CP-518, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated the unknown agent authoring the CP-518 to be aware of all of these requirements of law, no response was received.

7.    On or about January 15, 1998 Attorney Thomas Roberts responded to IRS letter LT-16 (tax yr. 1996), dated Dec. 7, 1997 by agent M. Brown, and asking for same information as Dec. 2, 1997 request letter.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the LT-16, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated agent Brown to be aware of all of these requirements of law, no response was received.

8.    On or about May 6, 1998 Attorney Thomas Roberts requested assessment

records, including a duly signed certificate of assessment, per 26 C.F.R.

301.6203-1 and Delegation of Authority Order.  Thirty days was given for

response.

Although 26 C.F.R. 301.6203-1 implements IRC section 6203 (providing for

method of assessment), and the Federal Records Act, as well as the Privacy Act,

entitled me to the documentary history of any assessment, and IRC section 6103

entitled me to a copy of my agency records, and the Administrative Procedure

Act obligated the unknown agent receiving the records request to be aware of all

of these requirements of law, no response was received.

9.    On or about May 7, 1998, agent T. Brown sent a Letter 1058(DO), "Final

Notice-Notice of Intent to Levy", for tax years 90, 91, 92.

Response was made May 29, 1998, titled "Final Declaration, Form

1058(DO)(CG)(Rev. 2-94) Refused for Cause Without Dishonor, Notice of

Default and Declaration of Michael R. Marsoun."  Ten days was allowed for IRS

response.

Although IRC section 6203 and 26 C.F.R. 301.6203-1 entitled me to assessment

records, in the form of a duly signed certificate of assessment, and Delegation of

Authority, and the Federal Records Act, as well as the Privacy Act, entitled me to

the documentary history leading up to the Notice, including assessment records

and certificate of assessment, and IRC sections 6103 entitled me to a copy of

my agency records, and the Administrative Procedure Act obligated agent Brown

to be aware of all of these requirements of law, no response was received.

Above mentioned May 29, 1998 response was then filed with the State of Hawaii

Recorders Office, along with, "Affidavit of Michael R. Marsoun".  Filing date was

July 1, 1998.

10.    On or about June 5, 2000, Attorney Ray Pope, sent a "COMPLAINT,

Misapplication of title 26 USC §§ 6201 and 6321 Signing False Documents and

Mail Fraud", in regards to Notice of Federal Tax Lien, filed in Orange County,

California, by Chief M. Provost.

M. Provost was obligated to investigate by Service Policy P-10-42 , "An

investigation will be made of all bona fide complaints or allegations of

misconduct or irregularities concerning Service officials or employees".

Although the IRS Restructuring and Reform Act of 1998 created a right to a

Collection Due Process Hearing, and a requirement to provide Notice of Right to

a Collection Due Process Hearing, and the Federal Records Act, as well as the

Privacy Act, entitled me to the documentary history leading up to the Notice, and

IRC section 6103 entitled me to a copy of my agency records, and the

Administrative Procedure Act obligated M. Provost to be aware of all of these

requirements of law, M. Provost failed to respond.

11.    On or about June 7, 2000, agent Dennis L. Parizek sent a Letter 1862(OSC),

stating in part, "We have no record of receiving your federal income tax return for

the year(s) shown above" (93, 95, 96, 97, 98).

Attorney Ray Pope responded on or about June 21, 2000, with an "Implied Legal

Notice: Violation of Due Process for Failure to Provide Notice(s) to Keep

Records  and File Returns", and outlining the requirements for IRS, under Title

26 CFR 1.6001-1(d).

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history of any imposition of requirement, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated agent Parizek to be aware of all of these requirements of law, agent Parizek failed to respond.

12.  On or about September 14, 2000, attorney Milton Baxley responded on my behalf to an IRS letter CP515. This response stated, "The reason my client did not file a Form 1040 is because Charles Rossotti, Commissioner of the Internal Revenue, stated in a letter to one of my clients that, "The law itself does not require anyone to file a Form 1040".

Twenty days was given for a response. Response was made Nov. 22, 2000 to the Sept. 14, 2000 letter, and the following Oct. 19, 2000 letter.

13.  On or about October 2, 2000, an unknown officer/employee of IRS sent a CP-518, captioned "Your tax Return is Overdue", (tax year 12-31-1998). Attorney Milton Baxley responded on or about October 19, 2000, with an, "Implied Legal Notice: Violation of Due Process for Failure to Respond to Previous Notices". Demand was made to respond to previous correspondence. Although the unknown agent was obligated to investigate by Service Policy P-10-42 , to my knowledge, no investigation ensued.

14.  An unknown officer/employee of IRS responded on November 22, 2000 with "Special Letter" citing IRS "policy" and stating "Since we are not tax attorneys, we will not enter into a debate about the legality of Title 26." The unknown

officer/employee was obligated to respond by Service Policy P-6-20 , "to make
available to all taxpayers comprehensive, accurate, and timely information on the
requirements of tax law and regulations."

Attorney Baxley replied to the IRS "Special Letter" on or about January 4, 2001,
with a "COMPLAINT  Violation of Due Process for Failure to Respond to
Previous Notices, Mail Fraud, and Impersonating a Federal Officer" Pursuant to
the Restructuring and Reform Act, 1998, specifying "This is a complaint against
the Chief ACS of Ogden.".  Acknowledgement  of receipt of complaint was
requested. The unknown officer/employee was obligated to investigate by
Service Policy P-10-42 , "An investigation will be made of all bona fide
complaints or allegations of misconduct or irregularities concerning Service
officials or employees". No IRS response was ever received, nor was a case
number ever assigned.

15.    On or about December 22, 2000, agent Richard M. Creamer sent a "Notice of
Deficiency" for tax years 93, 96, 97, 98.

Response was made by Jan. 16, 2001, by Bryan Malatesta CPA, citing again
Title 26 CFR 1.6001-1(d), and requesting IRS to rescind Notice of Deficiency and
remand to Examination Branch.

Although IRC section 6211 provides the manner for determining a deficiency,
and the Federal Records Act, as well as the Privacy Act, entitled me to the
documentary history leading up to the Notice, and IRC section 6103 entitled me
to a copy of my agency records, and the Administrative Procedure Act obligated
agent Creamer to be aware of all of these requirements of law, agent Creamer

failed to respond.

16.    On or about July 30, 2001, an unknown agent of IRS sent a CP 22E, captioned "We Changed Your Account".

Response was made Aug. 22, 2001 by Bryan Malatesta CPA, Citing 26 USC § 6065 "Verification of returns" and other points of law.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the CP 22E, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated the unknown agent to be aware of all of these requirements of law, agent the unknown agent failed to respond.

17.    On or about August 8, 2001, an unknown agent sent three CP 504s, for tax years 93, 95, 98, captioned "URGENT We intent to Levy on certain assets".

Response was made Sept. 13, 2001, by Attorney Milton Baxley, titled "Implied Legal Notice: Violation Of Due Process For Failure to Respond to Previous Notices, Violation of the Freedom of Information Act And Violation of The Privacy Act And Misapplication of Title 18 USC § 1341 Mail Fraud.

Although the unknown agent was obligated to investigate by Service Policy P-10-42 , to my knowledge, no investigation ensued.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the CP 504s, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated the unknown agent to be aware of all of these requirements of law, agent the unknown agent failed to respond.

18. On or about October 1, 2001, an unknown agent sent another CP 504, captioned

"URGENT" We Intend to Levy on certain assets." (tax year 1997)

Response was made Oct. 12, 2001 by Attorney Milton Baxley, titled, "Implied

Legal Notice: Misapplication of Title 26 USC §§ 6201, 6321, and/or 6331,

Violation of Title 18 USC § 1341 Mail Fraud, Harassment, and Conspiracy."

Twenty days was given for response, and notice given of refusal of response

resulting in a complaint being filed with the Treasury Inspector General.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the

documentary history leading up to the CP 504, and IRC section 6103 entitled me

to a copy of my agency records, and the Administrative Procedure Act obligated

the unknown agent to be aware of all of these requirements of law, the unknown

agent failed to respond..

Attorney Milton Baxley copied, by letter dated Nov. 26, 2001, the Office of the

General Counsel, IRS, on the "Complaint, Misapplication of Title 26 USC §§

6201, 6321, and/or 6331 And Mail Fraud, Harassment, and Conspiracy" and

attachmented the Oct. 12, 2001 letter.  Although General Counsel was obligated

to investigate by Service Policy P-10-42 , to my knowledge, no investigation

ensued.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the

documentary history leading up to the CP 504, and IRC section 6103 entitled me

to a copy of my agency records, and the Administrative Procedure Act obligated

the unknown agent to be aware of all of these requirements of law, General

Counsel failed to respond.

19.    On or about March 11, 2004, agent Cynthia Y. Nakamoto sent Letter(s) 964 (DO)

for tax years 1999-2002, stating in part, "We don't have a record of receiving

your Federal Income Tax returns for the tax period shown above".

I responded March 26, 2004 citing certain points of law, and asking the same

three questions outlined in the Dec. 2, 1997 response letter.

20.    On or about April 5, 2004 agent Nakamoto sent a Letter 3175  (Form 4564,

Information Document Request, enclosed), refusing to respond to my March 26,

2004 letter.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the

documentary history leading up to the Letter(s) 964 (DO), and IRC section 6103

entitled me to a copy of my agency records, and the Administrative Procedure

Act obligated agent Nakamoto to be aware of all of these requirements of law,

agent Nakamoto failed to answer the questions or provide requested

documentation.

I responded on or about April 22, 2004 to agent Nakamoto's Letter 3175.

Response was titled, "Department of the Treasury, Internal Revenue Service

Inquiry, Re: Signature Requirements Under Threat and Duress."  Letter cites

certain points of law relating to contracts, territorial jurisdiction and perjury.  Thirty

days was given for response.

Agent Nakamoto failed to respond.

21.    Agent Nakamoto sent a Letter 3164C, on or about May 24, 2004, announcing

her intent to contact third-parties for information leading to collections.

Response was made dated June 17, 2004 titled, "Inquiry, Official Complaint,

Unlawful Third Party Contact." Letter cites certain points of law and demands agents cease unlawful activity, and failure to do so would result in "reckless, negligent, intentional disregard of the code", leading to a possible 7433 lawsuit. Thirty days is given for response.

Although IRC section 7602 strictly limits third party contacts, and the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the Letter 3164C, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated t agent Nakamoto to be aware of all of these requirements of law, agent Nakamoto failed to respond.

22.    On or about June 21, 2004, I requested list of all third-party contacts made. Although IRC section 7602 requires disclosure of third party contacts upon request, and the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the third-party contacts, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated agent Nakamoto to be aware of all of these requirements of law, agent Nakamoto responded on or about July 15, 2004 but failed to provide the information requested.

23.    On or about September 6, 2004, an unknown agent sent five IRS letters CP71C, stating "Reminder: You owe past due taxes for 90-95".

Response was sent on Sept. 29, 2004, titled, "Validation and 'Verification of Requirement, Duty, Obligation, Debt, or Liability Inquiry", which raised certain points of law, and "Facts pertaining to the Internal Revenue laws". Thirty days

was allowed for a response.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the CP 71C's, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated the unknown agent to be aware of all of these requirements of law, the unknown agent failed to respond.

24.    On or about November 17, 2004, an unknown agent sent a Letter 964, requesting tax return information, for tax year 2003.

Response was made citing certain points of law, and again asking the same three questions outlined in the Dec. 2, 1997 response letter.  Thirty days is allowed for response.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the CP 71C's, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated the unknown agent to be aware of all of these requirements of law, the unknown agent failed to respond.

25.    On or about November 24, 2004, agent Nakamoto sent a Form 4564, "Information Document Request" for tax year 2003.

Response was made dated December 6, 2004, titled "Inquiry, Re: Signature Requirements Under Threat and Duress" to agent Nakamoto's November 24 Form 4564, and again to agent Nakamoto's Letter 3175, titled, "Department of the Treasury, Internal Revenue Service Inquiry, Re: Signature Requirements Under Threat and Duress."  Letter cites certain points of law relating to contracts,

territorial jurisdiction and perjury. Thirty days was given for response.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the Form 4564, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated agent Nakamoto to be aware of all of these requirements of law, agent Nakamoto failed to provide the information requested.

26. On or about November 24, 2004, agent Nakamoto outlined "requirements" for filing and "paying federal individual tax returns ", citing Title 26 USC, §§ 6001, 6011, 6012, 6109, 7203, 7602.

Response is made dated December 8, 2004, addressing the matters contained within §§ 6001, 6011, 6012, 6109, 7203, 7602 point by point, demanding a dismissal of all illegal IRS activity or be faced with a lawsuit, and demanding a response within 30 days.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the application of Title 26 USC, §§ 6001, 6011, 6012, and 6109 to me, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated agent Nakamoto to be aware of all of these requirements of law, agent Nakamoto failed to respond.

27. On or about February 4, 2005, agent Dennis L. Parizek sent Letter(s) 1862(SC), captioned "We have not received Your Federal Tax Return" and form 4549, "Income Tax Examination Charges".  And Form 886-A, "Explanation of Items", for tax year 1999.

I responded on or about February 23, 2005. Response was titled, "Department of the Treasury, Internal Revenue Service Inquiry, Re: Signature Requirements Under Threat and Duress." Letter cites certain points of law relating to contracts, territorial jurisdiction and perjury. Thirty days was given for response.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the Letters 1862, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated agent Parizek to be aware of all of these requirements of law, agent Parizek failed to respond.

28. On or about February 15, 2005, I sent a "Report of 2000 Decoded Individual Master File" which utilized information received through various FOIA requests from the IRS concerning the Master File transcripts for Michael R. Marsoun. IRS was given thirty days to respond to these findings, failure to respond would constitute agreement with the report.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the erroneous entries in the IMF, and the Administrative Procedure Act obligated the unknown recipient to be aware of all of these requirements of law, the unknown recipient failed to respond.

29. On or about February 24, 2005, I sent "Report of Fraudulent and Misleading Postings on the Individual Master File of Michael R. Marsoun. This was a seventeen page report with approximately 200 pages of supporting exhibits, outlining various fraudulent postings and codes on Michael R. Marsoun's Master

File. Demands were made for the record to be corrected, and an Administrative Hearing. IRS was given thirty days to respond.

Upon information and belief, the unknown recipient was obligated to investigate by Service Policy P-10-42 , no investigation ensued.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the erroneous entries in the IMF, and the Administrative Procedure Act obligated the unknown recipient to be aware of all of these requirements of law, the unknown recipient failed to respond.

30.     On or about April 5, 2005, agent Scott B. Prentky sent a Letter 3219, "Notice of Deficiency" for tax year 1999.

I responded on or about May 11, 2005, with an "Official Complaint Determination of Deficiency Without Proper Venue and Jurisdiction, Identity Theft". This letter cited various points of law and referenced fraudulent IMF postings, which the IRS was continuing to rely upon. There was 30 days given to rebut or admit.

Upon Information and belief, the unknown recipient was obligated to investigate by Service Policy P-10-42 , to my knowledge, no investigation ensued.

Although IRC section 6211 provides the manner for determining a deficiency, and the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the Notice, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated agent Prentky to be aware of all of these requirements of law, agent Prentky failed to respond.

31.   On or about June 14, 2005, I sent a "Report of 1991 Decoded Individual Master File" (This report also analyzed years 1998-2003) which utilized information received through various FOIA requests from the IRS concerning the Master File transcripts for Michael Marsoun.  Upon Information and belief, the unknown recipient was obligated to investigate by Service Policy P-10-42 , to my knowledge, no investigation ensued.

32.   On or about August 1, 2005, IRS agent Grant Kawamoto sent a Letter 3391(DO) and attachment Form 4549 and Form 886A, for tax years 2000-2003. Response was made Aug. 12, 2005 to the IRS 3391(DO) letter.  Response was titled, "Department of the Treasury, Internal Revenue Service Inquiry, Re: Signature Requirements Under Threat and Duress."  Letter cites certain points of law relating to contracts, territorial jurisdiction, and perjury.  Thirty days was given for response.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the 3391(DO) letter, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated agent Kawamoto to be aware of all of these requirements of law, agent Kawamoto failed to respond.

33.   On or about August 22, 2005, an unknown officer/employee of IRS sent a CP22E, for tax year 1999.

I responded on or about September 19, 2005, seeking "Validation and Verification of Requirement, Duty, Obligation, Debt, or Liability Inquiry" which raised certain points of law, and "Facts pertaining to the Internal Revenue Laws".

Thirty days was allowed for a response.

Although the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the CP 22E, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated the unknown officer/employee to be aware of all of these requirements of law, the unknown officer/employee failed to respond.

34. Subsequently, I received a Letter 1058(DO) "Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing", for tax years 90-98, dated Aug. 8, 2005, from agent C. Kaminaka.

I responded on or about September 1, 2005, with a "Report on Unlawful Internal Revenue Service Actions Official Complaint Against Unknown Revenue Agent, Re: Notice of Intent to Levy" which raised various issues of law and administrative procedure, demands administrative hearing, and cites IRC 7433 as remedy should IRS fail to comply. Thirty days was allowed for a response. Upon information and belief, this response should have been considered a Request for Collection Due Process Hearing.

Although the IRS Restructuring and Reform Act of 1998 created a right to a Collection Due Process Hearing, and the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the Notice, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated the unknown agent receiving the records request to be aware of all of these requirements of law, no hearing was held.

35. IRS Form 12153 "Request for a Collection Due Process Hearing" was filled out

and mailed to the IRS, Hilo Lagoon Center, on Sept. 2, 2005, again requesting a Due Process Hearing.

Although the IRS Restructuring and Reform Act of 1998 created a right to a Collection Due Process Hearing, and the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the Notice, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated the unknown agent receiving the records request to be aware of all of these requirements of law, no hearing was held.

36. On or about August 25, 2005, I filed a "Report of Fraudulent and Misleading Postings on the Individual Master File of Michael R. Marsoun. This was a seventeen page report with approximately 200 pages of supporting exhibits, outlining various fraudulent postings and codes on Michael R. Marsoun's Master File. Demands were made for the record to be corrected, and an Administrative Hearing. IRS was given thirty days to respond.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and correction, and each entitled me to the documentary history of the erroneous entries in the IMF, and the Administrative Procedure Act obligated the unknown recipient to be aware of all of these requirements of law, the unknown recipient failed to respond.

37. On or about Sept. 9, 2005, agent Susan A. Hansen sent a Letter 3172 "Notice of Tax Lien Filing" and copy of "Notice of Lien" dated Aug. 24, 2005, signed by agent Hansen for agent Kaminaka.

Response was made Sept. 12, 2005, titled "Official Complaint Re: Unlawful Tax

Lien Filing" in which many issues of law and administrative procedure are raised and questioned.  Thirty days is allowed for response.

Upon Information and belief, the unknown recipient was obligated to investigate by Service Policy P-10-42 , to my knowledge no investigation ensued.

Although IRC section 6201 limits assessment authority to taxes shown on return and taxes payable by stamp, and section 6203 provides the method for assessment, and section 6303 requires notice and demand to be made within 60 days of assessment properly made, and section 6321 makes the 6303 notice a condition precedent to lien, and the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and correction, and each entitled me to the documentary history of the Notice of Lien, and the Administrative Procedure Act obligated the unknown recipient to be aware of all of these requirements of law, the unknown recipient failed to respond.

38.    Received letter CP504 from unknown IRS agent dated Sept. 26, 2005, and titled, "URGENT!! We intend to levy on certain assets". For tax year 1999.

Response was sent dated Oct. 12, 2005 and titled, "Report on Unlawful  Internal Revenue Service Actions Official Complaint Against Unknown Revenue Agent, Re: Notice of Intent to Levy" which raised various issues of law and administrative procedure, demands administrative hearing, and cites IRC 7433 as remedy should IRS fail to comply.  Thirty days is allowed for a response.

Upon Information and belief, the unknown recipient was obligated to investigate by Service Policy P-10-42 , to my knowledge, no investigation ensued.

39.    Received letter Form 668, "Notice of Federal tax Lien", signed by agent Susan A.

Hansen for agent C. Kanimaka, dated Jan. 26, 2006.

Response was made Feb. 27, 2006, titled, "Official Complaint Re: Unlawful Tax Lien Filing" in which many issues of law and administrative procedure are raised and questioned. Thirty days is allowed for response.

Upon Information and belief, the unknown recipient was obligated to investigate by Service Policy P-10-42 , to my knowledge, no investigation ensued.

Although IRC section 6201 limits assessment authority to taxes shown on return and taxes payable by stamp, and section 6203 provides the method for assessment, and section 6303 requires notice and demand to be made within 60 days of assessment properly made, and section 6321 makes the 6303 notice a condition precedent to lien, and the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and correction, and each entitled me to the documentary history of the Notice of Lien, and the Administrative Procedure Act obligated the unknown recipient to be aware of all of these requirements of law, the unknown recipient failed to respond.

40.    Received IRS letter 531(DO) from agent Tim Conley, dated Nov. 8, 2005 and titled "Notice of Deficiency", for tax year 2003.

Response was made Dec. 7, 2005 titled, "Official Complaint Determination of Deficiency Without Proper Venue and Jurisdiction, Identity Theft". This letter cited various points of law and referenced fraudulent IMF postings, which the IRS was continuing to rely upon. There was 30 days given to rebut or admit.

Upon Information and belief, the unknown recipient was obligated to investigate by Service Policy P-10-42 , no investigation ensued.

Although IRC section 6211 provides the manner for determining a deficiency, and the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the erroneous entries in the IMF, correction, and the Administrative Procedure Act obligated agent Conley to be aware of all of these requirements of law, agent Conley failed to respond.

41. On or about June 12, 2006, an unknown agent sent four CP504s captioned "URGENT!!" We intend to levy on certain assets", for tax years 2000, 2001, 2002, 2003.

Response was made June 28, 2006 titled "Report on Unlawful Internal Revenue Service Actions Official Complaint Against Unknown Revenue Agent, Re: Notice of Intent to Levy" which raised various issues of law and administrative procedure, demands administrative hearing, and cites IRC 7433 as remedy should IRS fail to comply. Thirty days is allowed for a response. Upon Information and belief, the unknown recipient was obligated to investigate by Service Policy P-10-42 , to my knowledge, no investigation ensued. Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and correction, and each entitled me to the documentary history of the CP504s, and the Administrative Procedure Act obligated the unknown agent to be aware of all of these requirements of law, the unknown agent failed to respond.

42. Received two IRS letters Form 668, "Notice of Federal Tax Lien" signed by agent R. A. Mitchell for agent Colin Chung, dated Sept. 13, 2006.

Response was made Oct. 16, 2006 and titled "Official Complaint Re: Unlawful Tax Lien Filing" in which many issues of law and administrative procedure are raised and questioned.  Thirty days is allowed for response.

Upon Information and belief, the unknown recipient was obligated to investigate by Service Policy P-10-42 , to my knowledge, no investigation ensued.

Although IRC section 6201 limits assessment authority to taxes shown on return and taxes payable by stamp, and section 6203 provides the method for assessment, and section 6303 requires notice and demand to be made within 60 days of assessment properly made, and section 6321 makes the 6303 notice a condition precedent to lien, and the IRS Restructuring and Reform Act of 1998 created a right to a Collection Due Process Hearing, required notice of right to a hearing within five days of filing Notice of Lien after January, 1999, and the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and correction, and each entitled me to the documentary history of the Notice of Lien, and the Administrative Procedure Act obligated the unknown recipient to be aware of all of these requirements of law, the unknown recipient failed to respond.

43.    Received four IRS letters Form 668(ICS) "Notice of Levy" dated Jan 16, 2007 and signed by agent Colin Chung.

Response was made Feb. 12, 2007 titled "Direct Challenge of Constitutional Oath of Office and Authority" which called again into question the legality of the IRS Levy which was filed. Thirty days was allowed for response.

Upon Information and belief, agent Chung was obligated to investigate by

Service Policy P-10-42 , to my knowledge, no investigation ensued.

Although the IRS Restructuring and Reform Act of 1998 created a right to a Collection Due Process Hearing, required notice of right to a hearing prior to levy after January, 1999, and the Federal Records Act, as well as the Privacy Act, entitled me to the documentary history leading up to the Notice, and IRC section 6103 entitled me to a copy of my agency records, and the Administrative Procedure Act obligated agent Chung to be aware of all of these requirements of law, agent Chung failed to provide the Notice of Right to a Collection Due Process Hearing, and otherwise failed to respond.

44.    Received IRS letter 3174, dated Dec. 29, 2006 and signed by agent Colin Chung for tax years 1990-1998.

Response was made Feb. 12, 2007 titled "Validation and Verification of Requirement, Duty, Obligation, Debt, or Liability Inquiry" which raised certain points of law, and "Facts pertaining to the Internal Revenue Laws". Thirty days was allowed for a response.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the Notice of Lien, and the Administrative Procedure Act obligated agent Chung to be aware of all of these requirements of law, agent Chung failed to respond.

45.    On or about February 15, 2007, agent Chung sent a "Special Letter", which outlined stated "requirements" for filing and "paying federal individual tax returns ". Agent outlines Title 26 USC, §§ 6001, 6011, 6012, 6109, 7203, 7602.

Response was made Feb 26, 2007 with letter titled "Requirement of the

Paperwork Reduction Act and Demand for Compliance" which outlined OMB requirements for government forms and the IRS non-compliance with these regulations. Thirty days is given for rebuttal.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the application of Title 26 USC, §§ 6001, 6011, 6012, and 6109 to me, and the Administrative Procedure Act obligated agent Chung to be aware of all of these requirements of law, agent Chung failed to respond.

46. Letters were sent to IRS April 19, 2007 along with "Analysis of individual master File and Memorandum of Law in Support of Request for Amendment of Individual master File for Michael R. Marsoun." This letter again exposed fraudulent postings on the Individual Master File, and demanded corrections be made. Letter stated that failure to comply may result in legal remedy sought per 26 USC § 7433.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the erroneous entries in the IMF, and the Administrative Procedure Act obligated the unknown recipient to be aware of all of these requirements of law, the unknown recipient failed to respond.

47. On or about on May 19, 2007, I sent to Department of the Treasury, Paul Beene, Mark Everson, Henry Paulson, and the Office of the Taxpayer Advocate, a letter with attachment of Affidavit of Michael R. Marsoun with Jurisdictional Challenge. Letter allows for 30 days to provide record evidence or Controverting Affidavit.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the erroneous entries in the IMF, and the Administrative Procedure Act obligated Paul Beene, Mark Everson, Henry Paulson, and the Office of the Taxpayer Advocate to be aware of all of these requirements of law, Paul Beene, Mark Everson, Henry Paulson, and the Office of the Taxpayer Advocate failed to respond

48.    Received five IRS letters CP71D dated Nov. 12, 2007 by unknown agent(s) titled "Reminder: You owe past due taxes for 1995". This was for tax years 93, 95, 96, 97, 98.

Response was made Dec. 5, 2007 titled "Validation and Verification of Requirement, Duty, Obligation, Debt, or Liability Inquiry" which raised certain points of law, and "Facts pertaining to the Internal Revenue Laws". Thirty days was allowed for a response.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the CP71Ds, and the Administrative Procedure Act obligated the unknown agent to be aware of all of these requirements of law, the unknown agent failed to respond.

49.    On or about March 5, 2008 I sent an "Entry of Final Administrative Determination: to "clarify the errors in the Individual Master File Transcript" and "demands that the files be corrected pursuant to Title 5 § 552(a)." Thirty days is allowed for IRS response.

Although the Federal Records Act, as well as the Privacy Act, require accurate and complete records, and each entitled me to the documentary history of the CP71Ds, and the Administrative Procedure Act obligated the unknown recipient to be aware of all of these requirements of law, the unknown recipient failed to respond.

50    Further Affiant saith not.

Dated: _July 21_ , 2008

_____
Michael R. Marsoun

### Jurat

Sworn to and subscribed before me, a Notary Public in the State of Hawaii, this _21st_ day of July, 2008.

_____
Notary Public
Shawna L. Yonemura
My Commission expires: _August 22, 2011_



Doc. Date: _July 21, 2008_    # Pages: _26_
Notary Name: Shawna L. Yonemura Third Circuit
Doc. Description:
_Statement of Facts of_
_Michael R. Marsoun_
_____ _July 21, 2008_
Notary Signature    Date

