IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL R. MARSOUN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No: 1:07-cv-02078-JDB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint. As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the complaint, or that in the alternative, the complaint fails to state a claim upon which relief may be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: August 14, 2008    Respectfully submitted,

/s/ Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone: 202-514-9961
Email: Duston.Barton@usdoj.gov

3507289.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHAEL R. MARSOUN,            )
                              )
            Plaintiff          )
                              )
      v.                       )      No: 1:07-cv-02078-JDB
                              )
UNITED STATES OF AMERICA,      )
                              )
            Defendant.         )

**MEMORANDUM IN SUPPORT OF UNITED  STATES'
MOTION TO DISMISS AMENDED COMPLAINT**

STATEMENT

The plaintiff filed this complaint on November 13, 2007, seeking damages for

alleged unauthorized collection of federal taxes, a "determination" that the United

States and its employees or agents disregarded provisions of Title 26, United States

Code, and an order under the Administrative Procedure Act "to compel agency action

unlawfully withheld or unreasonably denied and to hold unlawful and set aside"

certain actions of the Internal Revenue Service.  After the United States moved to

dismiss the plaintiff's complaint, the plaintiff sought leave and filed an "amended

complaint," attached to which was a 26-page statement of facts.

Neither the amended complaint, nor the statement of facts allege that plaintiff

followed the procedures outlined in 26 C.F.R. § 301.7433-1 for submitting an

administrative claim as required under 26 U.S.C. § 7433(d)(1).  Instead it catalogues

written correspondence between the Internal Revenue Service and Marsoun and alleges

that the Service failed to respond or respond satisfactorily to Marsoun's request for documentation demonstrating that Marsoun is liable for taxes; that he is required to file a tax return; what "type of taxpayer the IRS records indicate that Michael Marsoun is;" that Service officials had authority to perform certain acts; and third-party contacts made in an investigation of Marsoun  (Amend. Compl. ¶¶ 1-7, 9, 11-28, 32-34, 38, 40, 44-45, 47-48.)

Marsoun also alleges that he requested copies of records of assessments; requested a collection due process hearing; challenged the legality of the Internal Revenue Service notice of levy and filing of lien; filed complaints apparently alleging that the Service committed mail fraud and "sign[ed] false documents" by filing a notice of federal tax lien; demanded that the Internal Revenue Service comply with the Paperwork Reduction Act; and demanded that the Internal Revenue Service correct "fraudulent" and "misleading postings" on Marsoun's individual master file. (*Id.* at ¶¶ 8, 10, 29-31, 35-37, 39, 41-43, 45-46, 49.)  Marsoun alleges the Internal Revenue Service failed to respond or respond satisfactorily to these requests and complaints. (*Id.*)

ARGUMENT

(1) The Court lacks subject matter jurisdiction over this action because the plaintiff has not exhausted his administrative remedies as required by 26 U.S.C. § 7433(d)(1).

3507289.1

(2) The Administrative Procedures Act, the Federal Records Act, the National Archives Act, and Article III of the Constitution do not provide the Court with subject matter jurisdiction over this action.

(3) Even if the Court had subject matter jurisdiction, the amended complaint should be dismissed because most "counts" alleged in plaintiff's complaint do not involve collection activities, and those that do fail to state a claim for relief.

I.

THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER 26 U.S.C § 7433 BECAUSE THE PLAINTIFF HAS NOT ALLEGED EXHAUSTION OF ADMINISTRATIVE REMEDIES.

There is currently a split of authority within the Court on whether a failure to exhaust administrative remedies deprives a court of subject matter jurisdiction. Compare Lohmann v. United States, Civ. No. 05-1976, 2006 WL 1826770, at *1 (D.D.C. 2006) (Kennedy, J.)(exhaustion requirement is jurisdictional); Scott v. United States, 416 F.Supp.2d 116, 118 (D.D.C.2006) (Huvelle, J.)(same); Glass v. United States, 424 F.Supp.2d 224, 228 (D.D.C.2006) (Huvelle, J.) (holding that under the standard established in Avocados Plus, 370 F.3d at 1247, the exhaustion requirement in 26 U.S.C. § 7433(d)(1) is jurisdictional), recons. denied, 2006 WL 1582281 (D.D.C. June 5, 2006); McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C.2004) (Leon, J.) (holding that 26 U.S.C. § 7433(d)(1) "limits the [D]istrict [C]ourt's jurisdiction" and that the failure to file an administrative claim pursuant to 26 C.F.R. § 301.7433-1(e) deprives a court of subject matter jurisdiction.); with Ross v. United States, 448 F. Supp. 2d 139 (D.D.C. 2006) (Bates, J.)(exhaustion requirement nonjurisdictional); Lindsey v. United States, 448 F.

Supp. 2d 37 (D.D.C. 2006) (Walton, J.)(same); Turner v. United States, 429 F. Supp. 2d

149 (D.D.C. 2006) (Bates, J.)(same); Davis v. United States, No. 05-cv-2474, 2006 U.S.

Dist. LEXIS 66627 (D.D.C. Sept. 19, 2006) (Collyer, J.)(same).  Those opinions holding

that the exhaustion requirement of § 7433 is nonjurisdictional rely on the Supreme

Court's opinion in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) and the D.C. Circuit's

opinion in Avocados Plus Inc. v. Veneman, 370 F.3d 1243 (D.C. Cir. 2004), to conclude

that only "sweeping and direct language" and "clear, unequivocal terms" in the statute

can make an exhaustion requirement jurisdictional.  Davis, 2006 U.S. Dist. LEXIS 66627

at *18-*19.  They then hold that § 7433's language is does not meet this "sweeping and

direct" standard.  E.g., id. at *21.

     The United States submits that based on a recent Supreme Court ruling and on

arguments not previously raised by the United States in this Court, section 7433(d)(1)'s

exhaustion requirement *is* jurisdictional.  The United States asserts that the standard

implied by Avocados Plus and Arbaugh, that a limitation on a cause of action can be

jurisdictional only if the language of the statute so states, has been called into question

by the Supreme Court's recent opinion in John R. Sand & Gravel Co. v. United States,

128 S.Ct. 750 (2008), which indicates that factors beyond the mere statutory language

may be considered when determining if a limitation on the right to bring suit is

jurisdictional.  Further, the United States asserts that even under the Court's strictly

textual standard, the language of section 7433(d)(1) makes abundantly clear that the

exhaustion requirement is jurisdictional.  Given that when the Court first held that

section 7433(d)(1) is nonjurisdictional, it acknowledged that the matter was an

"especially close question," <u>Turner v. United States</u>, 429 F. Supp. 2d 149, 155 (D.D.C.

2006), the United States respectfully suggests that in light of the recent clarification in

the Supreme Court's jurisprudence and the additional arguments raised herein, it is

appropriate for the Court to reconsider its prior holding in this matter.

    A.  Under the Standard Indicated by <u>John R. Sand & Gravel Co. v. United States</u>, Section 7433(d)(1) Imposes a Jurisdictional Requirement

       This Court's holdings that section 7433(d)(1) is nonjurisdictional relied on the

Supreme Court's opinion in <u>Arbaugh</u>, which implied that courts should apply an

"administrable bright line" test under which only the language of a statute should be

considered when deciding if a limitation on a cause of action is jurisdictional. 546 U.S. at

516 ("If the Legislature clearly states that a threshold limitation on a statute's scope shall

count as jurisdictional, then courts and litigants will be duly instructed.").  This Court

found that <u>Arbaugh</u> appeared to reaffirm the standard applied in <u>Avocados Plus</u>, under

which only "sweeping and direct statutory language" stated in "clear, unequivocal

terms" can make an exhaustion requirement jurisdictional. <u>See, e.g.</u>, <u>Davis</u>, 2006 U.S.

Dist. LEXIS 66627 at *18-*19.  In <u>John R. Sand & Gravel</u>, however, the Supreme Court

appears to have retreated from the position it asserted in <u>Arbaugh</u>.  <u>Cf.</u> <u>Kay v. Sec'y of

HHS</u>, 80 Fed. Cl. 601, 605 (Fed. Cl. 2008) (stating that <u>John R. Sand & Gravel</u> overruled

<u>Arbaugh</u> at least in part).

       <u>John R. Sand & Gravel</u> noted with approval that limitations in statutes have been

found to be jurisdictional based on a "broad[] system related goal" such as limiting

waivers of sovereign immunity, facilitating administration of claims, or promoting judicial efficiency. 128 S. Ct. at 753. It then held that the Court of Claims statute of limitations is jurisdictional, relying on a history of consistent judicial interpretation, and to a lesser extent, legislative history, and the statute's text, rather than merely examining the statutory text. The United States asserts that John R. Sand & Gravel limits the broad language used in Arbaugh, and represents a return to prior Supreme Court practice of finding limitations - including exhaustion requirements - to be jurisdictional based on factors that are not strictly limited to the statute's text.1/

Consideration of the additional criteria mentioned in John R. Sand & Gravel favors finding the exhaustion requirement in section 7433(d)(1) to be jurisdictional. First, the opinion described limiting a waiver of sovereign immunity as a "broad[] system-related goal" that would support a conclusion that a limitation is jurisdictional. 128 S.Ct. at 754. In this regard, it cited United States v. Dalm, 494 U.S. 596 (1990), which

---

1/ Although Avocados Plus derives its "sweeping and direct" language from Weinberger v. Salfi, 422 U.S. 749 (1975), Weinberger simply held that "sweeping and direct" language was a sufficient basis for finding that an exhaustion requirement is jurisdictional, see 422 U.S. at 757, rather than holding that it was the only possible basis for finding an exhaustion requirement to be jurisdictional. See Collin Miller, "Manifest Destiny?: How Some Courts Have Fallaciously Come to Require a Greater Showing of Congressional Intent for Jurisdictional Exhaustion Than They Require for Preemption, 2008 B.Y.U.L. Rev. 169, 184-86 (2008). In the 32 years since Weinberger, the Supreme Court has decided several exhaustion cases and cited Weinberger multiple times without quoting the terms "sweeping and direct;" instead, it has considered many factors in addition to the statute's language - including the policy underlying the statute, its structure, prior caselaw, and even post-enactment legislative history - in determining whether administrative exhaustion requirements are jurisdictional. See Miller, supra, at 186-87 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) and other cases).

3507289.1

held that the time limitations for complying with 26 U.S.C. § 7422(a)'s administrative claim requirements are jurisdictional.  <u>Dalm</u> had stated that a wavier of sovereign immunity should not be extended "beyond that which Congress intended." <u>Id.</u> at 608 (internal quotation marks and citations omitted).

Here, when it enacted the present version of section 7433, which reinstated the administrative exhaustion requirement, Congress stated its position that "[n]o person is entitled to seek civil damages [under section 7433] in a court of law unless he first exhausts his administrative remedies." H.R. Rep. 105-356, 105 Cong. 1st Sess. (Oct. 29, 1997); S.R. Rep. 105-174, 105 Cong. 2d. Sess. (April 22, 1998).  In light of this language, it appears unlikely that Congress could have intended to extend the waiver of sovereign immunity in section 7433 to situations in which a taxpayer had not exhausted administrative remedies.  While this statement is in the legislative history and not the text of the statute, <u>John R. Sand & Gravel</u> itself considered the language of the statute in conjunction with its legislative history (besides relying on prior judicial interpretations) in determining that the statute of limitations at issue in that case was jurisdictional. 128 S. Ct. at 755.  Accordingly, in light of <u>John R. Sand & Gravel</u>'s implications for the role of sovereign immunity and legislative history in determining whether a limitation is jurisdictional, it is appropriate to find that section 7433(d)(1) limits the waiver of sovereign immunity in section 7433, and is thus jurisdictional.

<u>John R. Sand & Gravel</u> also held that where a provision has been consistently interpreted as jursidictional in nature, courts should not lightly reverse such an

3507289.1

interpretation, particularly where Congress has had an opportunity, when revising a

statute, to express an intent to overturn the prior state of the law and has not done so.

128 S.Ct. at 755-578.  Here, a cause of action under section 7433 was first enacted in 1988

and contained the same exhaustion requirement as the present statute.  See Pub. L. 100-

647, Title VI, § 6241(a), Nov. 10, 1988.  Although this requirement was modified in 1994

to make failure to exhaust merely a basis for reducing damages, see Pub. L. 104-168,

Title VIII, §§ 801(a), 802(a), July 30, 1996, in actions to which it applied in the interim, no

fewer than 61 decisions issued by 36 different courts (including eight circuit courts of

appeals) treated this exhaustion requirement as jurisdictional.2/  In addition, five years

prior to the statute's original enactment in 1988, this Court found similarly worded

language in 26 U.S.C. § 7428(b)(2)3/ to be jurisdictional.  Synanon Church v. United

States, 557 F. Supp. 1329, 1332 (D.D.C. 1983).  Thus, when Congress chose to readopt the

language barring judgment under section 7433(d)(1) absent administrative exhaustion,

it did so in the context of regular judicial interpretation of the requirement as

jurisdictional, and rather than expressing any intent to change the jurisdictional effect

given to the language in prior judicial opinions, it indicated the opposite intent, as

described above.  Again, under John R. Sand & Gravel, this consistency of

---

2/ A citation to these opinions is attached as Exhibit A.

3/ "A declaratory judgment or decree under this section [governing charitable status determinations] shall not be issued in any proceeding unless the [court] determines that the organization involved has exhausted administrative remedies available to it within the Internal Revenue Service."

3507289.1

interpretation, combined with Congress' apparent endorsement, supports a conclusion that the requirement is jurisdictional.

### B.  Section 7433(d)(1) States In "Sweeping and Direct" Language and In "Clear, Unequivocal Terms" That Exhaustion Is Jurisdictional

The United States respectfully asserts that even under the strictly textual standard previously applied by this Court, the administrative exhaustion requirement in section 7433 is jurisdictional according to its own terms.[4]  Limiting language referencing a court's power to grant a judgment, as in 26 U.S.C. § 7433(d)(1), is no less jurisdictional than limits expressed in terms of a plaintiff's ability to maintain an action, as in 26 U.S.C. § 7422(a), which this Court has found to be jurisdictional.  The jurisdictional nature of the language in section 7433(d)(1) is also apparent from the fact that it charges the court itself with verifying exhaustion.  This Court's emphasis on the placement of section 7433's exhaustion requirement near a statute of limitations, which it termed "clearly . . . not jurisdictional," Turner, 429 F. Supp. 2d at 154 (citing Arbaugh, 126 S. Ct. at 1242) is no longer tenable given John R. Sand & Gravel's holding that statutes of limitations can themselves be jurisdictional.  Furthermore, the placement of section 7433's exhaustion requirement between - and near - its two provisions granting

---

[4] The United States has not previously argued that under the "sweeping and direct" and "clear, unequivocal terms" standard, section 7433's exhaustion requirement is jurisdictional, asserting instead that the Court should use an alternative analysis altogether, essentially requiring express language to demonstrate a waiver of sovereign immunity that excuses exhaustion; the Court has generally rejected this argument.  See, e.g., Lykens v. United States Gov't, 2006 U.S. Dist. LEXIS 85426 (D.D.C. 2006). The United States now asserts that under the Court's framework, the exhaustion is jurisdictional because section 7433(d)(1) clearly states so.

3507289.1

jurisdiction is very different from the distant placement of the jurisdictional and

limiting provisions in <u>Arbaugh</u>, on which this Court has relied when finding the

exhaustion requirement to be nonjurisdictional.  Consistent with the United States'

position, courts of appeals that have adopted the same "sweeping and direct" standard

for jurisdictional exhaustion have consistently found the language in section 7433(d)(1)

and similarly-worded statutes to be jurisdictional.  Accordingly, the United States

asserts that even under the Court's textual standard, section 7433's exhaustion

requirement is properly termed jurisdictional.

    1. *A Limitation Referring to the Court's Power to Grant a Judgment Is Jurisdictional.*

    The Court has previously held that section 7433's exhaustion provision, which

states that a "judgment . . . shall not be awarded" absent exhaustion, is nonjurisdictional

because it lacks the "sweeping and direct" language and "clear, unequivocal terms" of

section 7422's exhaustion provision, which states that "[n]o suit or proceeding shall be

maintained" for refund of a tax absent exhaustion.  26 U.S.C. § 7422(a).  <u>See, e.g.,</u> <u>Davis</u>,

2006 U.S. Dist. LEXIS 66627 at *11. <u>Cf.</u> <u>Dalm</u>, 494 U.S. 596.  The Court did not explain

why a limit expressed in terms of a court's ability to grant judgment, in contrast to the

ability of a litigant to bring an action, does not directly refer to the court's jurisdiction.

These holdings appear to assume that jurisdiction only refers to a plaintiff's ability to

bring an action before a court, and not to the court's power to award relief.

    In fact, jurisdiction is frequently defined as the power of a court to issue a

judgment.  <u>See, e.g.,</u> <u>Black's Law Dictionary</u> 855, 857 (7th Ed. 1999) (defining jurisdiction

as "[a] court's power to . . . issue a decree," and subject matter jurisdiction as "the extent to which a court can rule on the conduct of persons or the status of things.").  In addition, a statute expressly barring the court's power to grant relief essentially deprives the court of jurisdiction, since the inability of a court to redress a plaintiff's injury means that the plaintiff lacks standing. See, e.g, Lujan v. Defenders of Wildlife, 504 U.S. 555, 569-70 (1992) (holding that the plaintiffs failed to establish standing - and therefore subject matter jurisdiction - in part because they had failed to join certain agency heads, whose policies they sought to nullify, as defendants, so that the court lacked the power to grant the relief they sought).5/ Thus, when section 7433(d)(1) prohibits a court from granting any relief under the section if the taxpayer has failed to exhaust his administrative remedies, it does use the "sweeping and direct statutory language" and "clear, unequivocal terms" that this Court has found necessary to make an exhaustion provision jurisdictional.6/

---

5/ Furthermore, in the specific context of statutes authorizing suits against the United States, limits worded in terms of a court's ability to grant judgment have been viewed as limits on the waiver of sovereign immunity, see United States v. Idaho ex. rel. Dir., Iadho Dep't of Water Resources, 508 U.S. 1, 6-7 (1993) (finding that the McCarran Amendment's provision that "no judgment for costs shall be entered against the United States," 43 U.S.C. § 666(a), meant that the United States had not waived its sovereign immunity with respect to such costs).

6/ In addition, given the jurisdictional treatment accorded to the language by dozens of courts prior to its reincorporation into the statute in 1998, as described in part II.A., supra, it is unlikely that Congress did not believe that it was speaking in "clear, unequivocal" jurisdictional terms when it reinstated this language in 1998.

-11-

2. *Language in Section 7433(d)(1) Requiring the Court to Ascertain Exhaustion Is Jurisdictional*.

The language of section 7433(d)(1) does not merely prohibit a judgment where the plaintiff has failed to exhaust his remedies: it specifically requires the court to ascertain exhaustion before granting relief. 26 U.S.C. 7433(d)(1) ("A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies.") (emphasis added). This language is jurisdictional, because only in the case of jurisdictional limitations does the court have an independent obligation to ensure that the limitation does not apply. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The Supreme Court, in finding that the limitation at issue in Arbaugh was not jurisdictional, specifically noted that "[n]othing in the text of Title VII indicates that Congress intended courts, on their own motion, to assure that the employee-numerosity requirement is met." 546 U.S. at 514 (emphasis added). Here, in contrast, the language of the exhaustion provision charges the court with ensuring that this requirement is met, and is thus jurisdictional.

3. *The Placement of the Exhaustion Provision Supports Its Jurisdictional Nature*.

In finding that section 7433(d)(1)'s exhaustion requirement is nonjurisdictional, this Court has relied on its placement within the statute. Specifically, it has noted that the exhaustion requirement is placed in a subsection entitled "limitations" along with the section's statute of limitations, which it termed "clearly . . . not jurisdictional," and is not adjacent to the jurisdictional grant in section 7433(a). Turner, 429 F. Supp. 2d at 154 (citing Arbaugh, 126 S. Ct. at 1242). Both in its conclusion that the exhaustion

requirement was placed next to a statute of limitations that was "not jurisdictional" and in its inference that its placement away from section 7433(a) was relevant to its effect on jurisdiction, the Court relied heavily on <u>Arbaugh</u>.  The United States respectfully suggests that the location of the exhaustion provision in the same subsection as the statute of limitations does not indicate that it is nonjurisdictional, in light of <u>John R. Sand & Gravel Co.</u>'s holding that statutes of limitations can be jurisdictional.  <u>See</u> <u>Kay</u>, 80 Fed. Cl. at 605 (stating that <u>John R. Sand & Gravel</u> overruled <u>Arbaugh</u> in this regard).

Furthermore, the placement of the provisions at issue in <u>Arbaugh</u> indicated a significantly more attenuated relationship than is indicated by the placement of the relevant provisions of section 7433.  In <u>Arbaugh</u>, the relevant provisions were scattered across three different sections of the United States Code.  42 U.S.C. § 2000(e)(b) defined an employer as having at least 15 employees, 42 U.S.C. § 2000e-(2)(a)(1) defined the cause of action as being against an "employer," while 42 U.S.C. § 2000e-5(f)(3) conferred jurisdiction on the district court.  These provisions are located, respectively, on pages 604, 615 and 626 of the applicable volume of the United States Code.  In contrast to these widely-scattered provisions, the exhaustion provision in section 7433(d)(1) is located in the same Code section as the jurisdictional grant, and is in fact sandwiched between the two subsections, 26 U.S.C. §§ 7433(a) & 7433(e), which respectively grant jurisdiction to the district and bankruptcy courts.  It is only sentences away from these grants of jurisdiction, not pages apart as in <u>Arbaugh</u>, and the United States respectfully suggests that to the extent its typographical position is indicative of anything, it is that

3507289.1

it should apply with equal force to both subsections.  Accordingly, the placement of section 7433's exhaustion provision does not undermine its jurisdictional nature.

    4.  *Courts That Apply This Court's Standard for Jurisdictional Exhaustion Hold That Section 7433's Language Is Jurisdictional.*

The United States submits that its position is further bolstered by caselaw from other circuits that have applied a textual test - as has this Court - and have determined that section 7433(d)(1) is jurisdictional.  Six circuit courts of appeals have adopted the "sweeping and direct" test7/ for determining if an administrative exhaustion requirement is jurisdictional.  See Casanova v. Dubois, 289 F.3d 142, 146 (1st Cir. 2002); Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003); Central States Southeast and Southwest Area Pension Fund v. T.I.M.E.-DC, Inc., 826 F.2d 320 (5th Cir. 1985); Wright v. Morris, 111 F.3d 414, 420-21 (6th Cir. 1997); Chelette v. Harris, 229 F.3d 684, 687-88 (8th Cir. 2000); Rumbles v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999).  Five of these

---

    7/ Four circuits have directly adopted the D.C. Circuit's "clear, unequivocal terms" language when determining if an exhaustion requirement is jurisdictional, of which three have adopted the test within the last two years. See Dawson Farms, LLC v. Farm Serv. Agency, 504 F.3d 592, 605 (5th Cir 2007); Doe v. Oberweis Dairy, 456 F.3d 704, 712 (7th Cir 2006); Ace Prop & Cas. Ins. Co. v. Fed. Crop. Ins. Corp., 440 F.3d 992, 997 (8th Cir. 2006); Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 122 (4th Cir. 1991).  None appear to have passed on the jurisdictional issue in section 7433 since adopting this language.  However, the Fourth Circuit, in Grew v. United States (In re Grew), 4 F.3d 299 (4th Cir. 1993), which addressed the award of attorney's fees under 26 U.S.C. § 7430, which contains a similarly-worded exhaustion requirement, cited with approval to Kenlin Industries, Inc. v. United States, 927 F.2d 782, 786 (4th Cir. 1991), which found the requirement to be jurisdictional. Grewe, 4 F.3d at 305.  Furthermore, district courts in the Fourth Circuit have continued to treat section 7433(d)(1) as jurisdictional. See, e.g., Bullard v. United States, 486 F. Supp. 2d 512 (D. Md. 2007); Peddie v. United States, Internal Revenue Service, 1997 U.S. Dist. LEXIS 19450 (M.D. N.C. 1997); Simmons v. United States, 875 F. Supp. 318 (W.D. N.C. 1994).

circuits have subsequently treated the exhaustion requirement in section 7433(d)(1) or the similarly-worded provisions in 26 U.S.C. § 7430(b)(2)8/ and 7432(d)(1)9/ as jurisdictional.10/ See Nogueras-Cartagena v. United States, 125 Fed. Appx. 323, 325 (1st Cir. 2005) (per curiam) (plaintiff has "not established jurisdiction" under section 7433 where he has failed to exhaust remedies); Kuhl v. United States, 467 F.3d 145, 146-47 (2d Cir. 2006) (remanding with instructions to dismiss a request for attorney's fees under section 7430 for lack of jurisdictional after comparing section 7430(b)(1) with section 7433(d)(1)); Information Resources v. United States, 950 F.2d 1122, 1127-28 (stating that the court had jurisdiction under sections 7432 and 7433 only because it concluded that administrative remedies under section 7432 were inadequate and wholly unavailable under section 7433 at the time the plaintiff filed suit); Romp v. United States, 96 Fed. Appx. 978, 980 (6th Cir. 2004) (dismissing a suit under section 7433 for lack of subject matter jurisdiction where the plaintiffs had failed to exhaust administrative remedies); Klimas v. Dep't of the Treasury, 122 Fed. Appx. 355, 356-57 (9th Cir. 2005) (stating that

---

8/ "A judgment for reasonable litigation costs [under a fee-shifting provision applying to tax litigation] shall not be awarded . . . unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service."

9/ "A judgment for damages [for failure to release a tax lien] shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

10/ The Eighth Circuit does not appear to have addressed the issue since adopting the "sweeping and direct" standard.

the district court lacked jurisdiction over a section 7433 claim where the plaintiff had failed to exhaust administrative remedies).

The consistency with which courts that have adopted the "sweeping and direct" standard have found section 7433(d)(1)'s text to be jurisdictional further demonstrates that under this Court's textual standard, section 7433(d)(1)'s exhaustion requirement is jurisdictional.  Because the plaintiff fails to demonstrate or even allege that he filed an administrative claim complying with the requirements set forth in 26 C.F.R. § 301.7433-1 for filing an administrative claim pursuant to section 7433, the Court should dismiss this suit for lack of subject matter jurisdiction.

## II.
### THE COURT DOES NOT HAVE JURISDICTION UNDER THE APA, THE FEDERAL RECORDS ACT, OR THE NATIONAL ARCHIVES ACT.

In addition to claiming jurisdiction under 26 U.S.C. § 7433, plaintiff asserts that the Court has jurisdiction under the Administrative Procedures Act ("APA"), the Federal Records Act, the National Archives Act, and Article III of the Constitution (Amend. Compl. at 3-5.)  However, this Court has repeatedly and explicitly held that none of these provides jurisdiction for suits like plaintiff's.  See, e.g. Wesselman v. United States, 501 F.Supp.2d 98, 100-01 (D.D.C. 2007); Buaiz v. United States, 471 F.Supp.2d 129, 138 (D.D.C. 2007).

## III.
### THE PLAINTIFF FAILS TO STATE A CLAIM UNDER 26 U.S.C. § 7433

Even if exhaustion of administrative remedies is not a jurisdictional prerequisite under § 7433, plaintiff's complaint must still be dismissed for failure to state a claim.

3507289.1

A.  PLAINTIFF'S COUNTS INVOLVING NON-COLLECTION ACTIVITY ARE NOT COGNIZABLE UNDER § 7433.

Plaintiff asserts that the Court can award damages pursuant to § 7433 of the Internal Revenue Code.  (Amend. Compl. at 26). However, § 7433 authorizes damages for wrongful *collection* activities only.  See, e.g., Buaiz, 471 F.Supp.2d at 137 ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); Arnett v. United States, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that Internal Revenue Service incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. Internal Revenue Service, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

Accordingly, all allegations in plaintiff's complaint which involve *non-collection* activities are not cognizable under § 7433, and must be dismissed.  These non-collection activities are found in counts alleging violations of notice of record-keeping requirements (counts 1-2); preparation of substitutes for returns for taxpayers who fail to file tax returns (counts 3-7); failure to disclose returns and return information (count 8); use of taxpayer identification numbers (count 9-10); assessment of taxes (counts 11-17); failure to promulgate regulations (count 18); failure to provide a hearing to contest

-17-

the liability (count 22); failure to verify that a supervisor approved the initial penalty

determination (count 24); and failure to certify notices of liens (count 26).

   B.  PLAINTIFF'S COUNTS ARGUABLY INVOLVING COLLECTION ACTIVITY FAIL TO STATE A
           CLAIM UPON WHICH RELIEF CAN BE GRANTED.

   The remainder of plaintiff's allegations are legally insufficient because they fail to

provide the necessary factual detail to state a claim, and should be dismissed under

Fed. R. Civ. P. 12(b)(6).  Although a complaint need only set forth a "short and plain

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a),

the complaint must also give "fair notice of the basis for . . . claims and the grounds

upon which they rest."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002).

Plaintiff's complaint merely restates statutory language and alleges no facts to support a

claim for damages.  Since plaintiff's compliant fails to provide either notice of the basis

of their claims or the grounds upon which they rest, this court should conclude that

plaintiffs have not, in fact or law, stated a claim.  See Bell Atlantic Corp. v. Twombly,

127 S.Ct. 1955, 1964-65 (2007).

   Plaintiff alleges only five counts that arguably relate to collections.  These counts

allege that the Internal Revenue Service  has 1) exceeded the limits imposed on its

authority to collect taxes by failing to implement certain procedures (count 19); 2) failed

to give notice and demand payment within 60 days after making an assessment (count

20); 3) engaged in abusive or oppressive conduct while collecting unpaid taxes (count

21); 4) asserted a lien without giving proper notice (count 23); and 5) asserted liens

without proper assessments (count 25).

Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever that sets forth the basis of their claims and shows that plaintiff is entitled to relief. Thus, these allegations fail to state a claim upon which relief can be granted.

First, in count 19, plaintiff alleges that the Internal Revenue Service disregarded § 6301 of the Internal Revenue Code by failing to implement and develop procedures that 1) ensure that supervisors review an employees determination to file liens and levies; 2) provide for disciplinary action when those procedures are not followed; and 3) certify that the employee has (a) reviewed the taxpayer's information, (b) verified that a balance is due, and (c) affirmed that the action taken is appropriate given the taxpayer's circumstances.11/ (Amend. Compl., Count 19.) Plaintiff has only parroted language from a statute and has provided no factual basis for this allegation and no information from which the court can conclude that he is entitled to relief.

Second, in count 20, plaintiff states that the Internal Revenue Service failed to "within 60 days after the making of an assessment . . . give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." (Amend Compl., Count 20.) Again, the complaint is devoid of any factual basis and the defendant is unable to determine the grounds for the complaint. Plaintiff does not even

---

11/ It is worth noting that contrary to what is stated in the complaint, neither § 6301 nor 112 Stat. 758 (1998) require "a certification that the employee has (1) reviewed the taxpayer's information; (2) verified that a balance is due; and (3) affirmed that the action . . . is appropriate." (Compl. At 10-11). The statute states only that "the review process under subsection (a)(1) *may* include [such certification]" 112 Stat. 758 (a)(1) (emphasis added).

3507289.1

aver that an assessment was made. And, it is unknown if he is alleging that notice was never given, or if it was late. Assuming that notice was timely given, it cannot be ascertained from the complaint whether plaintiff is alleging that the notice failed to demand payment or misstated the amount. Again, plaintiff fails to provide any factual information to form a basis for his complaint.

Third, plaintiff alleges that the Internal Revenue Service engaged in abusive or oppressive conduct while collecting unpaid taxes. (Amend. Compl., Count 21.) 26 U. S. C. 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." However, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute. See Wesselman, 501 F.Supp.2d at 102 (D. D.C. 2007) (merely parroting the language of §6304(b) insufficient to survive motion to dismiss).

Fourth, plaintiff alleges that Internal Revenue Service employees asserted a lien without giving proper notice and without making demand. (Amend. Compl., Count 23). The plaintiffs again make a bare assertion devoid of factual support. The Court cannot determine what lien, if any, the plaintiffs are asserting was made, for which period the lien was asserted, whether a notice of a federal tax lien was filed, how the notice was allegedly deficient, or any other fact which would entitle plaintiffs to relief.

Fifth, plaintiff alleges that Internal Revenue Service employees asserted liens for which no assessment was made in accordance with Internal Revenue Code § 6203 and Federal Tax Regulation 301.6203-1.  (Amend. Compl., count 25.)  The Court cannot determine what liens, if any, were made; for which period(s) the liens were asserted; and whether plaintiffs claim there was no assessments made or whether the assessments somehow ran afoul of § 6203.  If the latter, the Court cannot determine how the assessments allegedly were made contrary to § 6203.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit.  In none of the allegations has the plaintiff provided any factual information whatsoever to demonstrate their right to relief.  Accordingly, they have failed to state a claim upon which relief can be granted, and this Court should dismiss the complaint.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65.

//

//

//

//

//

//

//

3507289.1

CONCLUSION

For the aforementioned reasons, the complaint should be dismissed with prejudice.

DATE: August 14, 2008.                    Respectfully submitted,

                                          /s/ Duston K. Barton
                                          DUSTON K. BARTON
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 227
                                          Washington, DC 20044
                                          Tel. (202)514-996
                                          Email: duston.barton@usdoj.gov

OF COUNSEL

JEFFREY A. TAYLOR

United States Attorney

3507289.1

## <u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that service of the foregoing MOTION TO DISMISS

PLAINTIFF'S AMENDED COMPLAINT with MEMORANDUM and proposed ORDER

has been made August 14, 2008, by mailing a copy of the documents, postage prepaid,

addressed to:

> Michael Robert Marsoun
> 74-5533 Luhia St. Suite B-1A-393
> Kailua-Kona, Hawaii 96740

/s/ Duston K. Barton
DUSTON K. BARTON

3507289.1

**EXHIBIT A: Pre-1998 Cases Treating 26 U.S.C. § 7433(d)(1) as Jurisdictional**

Fishburn v. Brown, 125 F.3d 979 (6th Cir. 1997); La Spina v. Wucherer, 1997 U.S. App. LEXIS 10808 (9th Cir. 1997)  Larue v. Collector of Internal Revenue, 1996 U.S. App. LEXIS 23389 (7th Cir. 1996); Moffett v. Tolotti, 1996 U.S. App. LEXIS 26704 (9th Cir. 1996); Porter v. Fox, 99 F. 3d 271 (8th Cir. 1996); Niewald v. IRS, 1996 U.S. App. LEXIS 244 (10th Cir. 1996); Manwani v. Brunelle, 1995 U.S. App. LEXIS 39938 (2d Cir. 1995); Travis v. United States, 1995 U.s. App. LEXIS 9685 (9th Cir. 1995); Lemon v. Martin, 1995 U.S. App. LEXIS 1090 (9th Cir. 1995); Tempelman v. Beasley, 1994 U.S. App. LEXIS 36055 (1st Cir. 1994); Hanley v. United States, 1994 U.S. App. LEXIS 30760 (1st Cir. 1994); Venen v. United States, 38 F.3d 100 (3d. Cir. 1994); Murray v. United States, 1994 U.S. App. LEXIS 23069 (9th Cir. 1994); Park v. IRS Dist. Director, 1994 U.S. App. LEXIS 21257 (9th Cir. 1994); Chow v. Giordano, 1994 U.S. App. LEXIS 11048 (9th Cir. 1994); Information Resources v. United States, 950 F.2d 1122 (5th Cir. 1992); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Gartin v. Spyderco, Inc., 1997 U.S. Dist. LEXIS 11593 (D. Colo. 1997); Leonard v. United States, 1997 U.S. Dist. LEXIS 5439 (D. Colo. 1997); Oppel v. United States, 1997 U.S. Dist. LEXIS 1689 (D. Idaho 1997); Jensen v. IRS, 1997 U.S. Dist. LEXIS 22937 (D. Nev. 1997); Peddie v. United States, IRS, 1997 U.S. Dist. LEXIS 19450 (M.D. N.C. 1997); Traver v. United States, 1997 U.S. Dist. LEXIS 3873 (D. Or. 1997): Benjamin v. Aiello, 1997 U.S. Dist. LEXIS 19028 (M.D. Pa. 1997); Sintz, Campbell, Duke & Taylor v. United Statets, 197 B.R. 351 (S.D. Ala. 1996); Larue v. Bigelow, 1996 U.S. Dist. LEXIS 17684 (D. Ariz. 1996); Steinman v. IRS, 1996 U.S. Dist. LEXIS 8610 (D. Ariz. 1996); Gasparutti v. U.S.A., 1996 U.S. Dist. LEXIS 14457 (C.D. Cal. 1996); Urwyler v. United States, 1996 U.S. Dist. LEXIS 684 (E.D. Cal. 1996); Ward v. United States, 1996 U.S. Dist. LEXIS (M.D. Fla. 1996); Whitney v. IRS, 1996 U.S. Dist. LEXIS 7440 (N.D. Ill 1996); Joeckel v. Collector of Internal Revenue, 1996 U.S. Dist. LEXIS 20188 (D. Neb. 1996); Whispell v. United States, 1996 U.S. Dist. LEXIS 615 (D. Or. 1996); Stone v. United States, 1996 U.S. Dist. LEXIS 8030 (E.D. Pa. 1996); Wishart v. Agents for Int'l Monetary Fund, IRS, 1995 U.S. Dist. LEXIS 16625 (N.D. Cal. 1995); Kaiawe v. Department of Treasury/IRS, 1995 U.S. Dist. LEXIS 9277 (D. Haw. 1995); Gleason v. Cheskaty, 1995 U.S. Dist. LEXIS 9318 (D. Idaho 1995); Tighe v. United States, 1995 U.S. Dist. LEXIS 8283 (D. Mass. 1995); White v. Commissioner, 899 F. Supp. 767, 772 (D. Mass 1995); Woodman v. United States, 1995 U.S. Dist. LEXIS 2802 (E.D. Mich. 1995); Mohler v. United States, 1995 U.S. Dist. LEXIS 14535 (D. Mont. 1995); Ostheimer v. Commissioner, 1995 U.S. Dist. LEXIS 14535 (D. Mont. 1995); Joeckel v. Collector of Internal Revenue, 1995 U.S. Dist. LEXIS 9430 (D. Neb. 1995); Springer v. Collector of Internal Revenue, 1995 U.S. Dist. LEXIS 3210 (N.D. Okla. 1995); Standifird v. United States, 32 Fed. Cl. 731 (Fed. Cl. 1995); Parkhurst v. Brown, 1994 U.S. Dist. LEXIS 10604 (E.D. Cal. 1994); Welch v. United States, 1994 U.S. Dist. LEXIS 10597 (N.D. Ill. 1994); Calhoun v. United States, 1994 U.S. Dist. LEXIS 569 (S.D. Ind. 1994); Voelz v. United States, 1994 U.S. Dist. LEXIS 19064 (S.D. Miss. 1994); Simmons v. United States, 875 F. Supp. 318 (W.D.N.C. 1994); Felkel v. United States, 861 F. Supp. 507 (D.S.C. 1994); Forman v. United States, 1993 U.S. Dist. LEXIS 9027 (D. Nev. 1993); Cunningham v.

United States, 165 B.R. 599 (N.D. Tex. 1993); Matrix Dev. Corp. v. United States, 815 F. Supp. 297 (E.D. Wis. 1993); Rutledge v. United States, 1992 U.S. dist. LEXIS 10229 (N.D. Ala. 1992); Johnson v. United States, 1992 U.S. Dist. LEXIS 18296 (D. Neb. 1992); Johnson v. United States, 1992 U.S. Dist. LEXIS 18492 (D. Minn. 1992); United States v. Toyota of Visalia, 772 F. Supp. 481 (E.D. Cal 1991).

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MICHAEL R. MARSOUN,                     )
                                        )
                Plaintiff               )
                                        )
        v.                              )       No: 1:07-cv-02078-JDB
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                Defendant.              )

## ORDER

Having considered the United States' motion to dismiss plaintiff's amended

complaint, the plaintiff's opposition, and the United States reply, the Court:

ORDERS that the United States' motion to dismiss is granted; and

ORDERS that plaintiff's complaint is dismissed with prejudice.

_____
JOHN D. BATES
United States District Judge

3509421.1