**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL R. MARSOUN,

       Plaintiff,

          v.

UNITED STATES,

       Defendant.

Civil Action No.  07-2078 (JDB)

## MEMORANDUM OPINION

Plaintiff Michael Marsoun alleges that the Internal Revenue Service ("IRS") has acted in disregard of federal tax law and regulations in connection with the collection of taxes for tax years 1990 through 2003.  He seeks damages against defendant United States pursuant to 26 U.S.C. § 7433 and the U.S. Constitution.  Presently pending before the Court is defendant's motion to dismiss the amended complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.  For the reasons that follow, the Court concludes that plaintiff has failed to state a claim upon which relief can be granted and, therefore, will dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Section 7433(a) of the Internal Revenue Code ("Code") authorizes taxpayers to bring an action for civil damages against any officer or employee of the IRS who acts in disregard of the Code or its implementing regulations in connection with collection activity.  The provision authorizing this cause of action states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages

against the United States in a district court of the United States.  Except as
provided in section 7432, such civil action shall be the exclusive remedy for
recovering damages resulting from such actions.

26 U.S.C. § 7433(a).

Section 7433(d)(1), however, limits such actions, by providing that "[a] judgment for

damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the

administrative remedies available to such plaintiff within the Internal Revenue Service."  26

U.S.C. § 7433(d)(1).  In accordance with this provision, the IRS has promulgated regulations that

establish procedures to be followed by a taxpayer who believes that IRS officers or employees

have disregarded provisions of the tax code in their collection activities.  See 26 C.F.R.

§ 301.7433-1.  Specifically, these regulations require that, prior to bringing suit in court, an

aggrieved taxpayer must first submit his or her claim "in writing to the Area Director, Attn:

Compliance Technical Support Manager[,] of the area in which the taxpayer currently resides,"

and further require that the claim must include:

> (i) The name, current address, current home and work telephone numbers and any
> convenient times to be contacted, and taxpayer identification number of the
> taxpayer making the claim;
>
> (ii) The grounds, in reasonable detail, for the claim (include copies of any
> available substantiating documentation or correspondence with the Internal
> Revenue Service);
>
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include
> copies of any available substantiating documentation or evidence);
>
> (iv) The dollar amount of the claim, including any damages that have not yet been
> incurred but which are reasonably foreseeable (include copies of any available
> substantiating documentation or evidence);  and
>
> (v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e).  If such a claim is filed and the IRS has either issued a decision on the

claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer

may proceed to file suit in federal district court pursuant to 26 U.S.C. § 7433(a).  See 26 C.F.R.

§ 301.7433-1(d)(1).  The regulations also allow the taxpayer to file suit immediately after the

administrative claim is submitted if the administrative submission occurs during the last six

months of the two-year limitations period.  26 C.F.R. § 301.7433-1(d)(2).

Plaintiff alleges that the United States, through the IRS and its employees, has unlawfully

taken the position that he owes taxes for the period 1990 to 2003, and has disregarded the

provisions of the Internal Revenue Code and its regulations in the course of pursuing collection

activities against him.  Am. Compl. at 5-25.  Plaintiff enumerates 27 "counts" of alleged IRS

misconduct, reciting a litany of Internal Revenue Code provisions and regulations, and attaching

a 50-paragraph statement of facts in support thereof recounting his lengthy correspondence with

the IRS for the tax years at issue.   His allegations against the IRS fall into the following

categories:  (1) failure to produce documents demonstrating that he is liable for taxes; (2) failure

to provide notice of a requirement to keep records, make statements, or file tax returns;

(3) failure to prepare or execute substitute tax returns on his behalf, and disclose such returns to

him; (4) failure to lawfully make or record proper assessments of taxes against him; (5) failure to

provide notices, hearings and supervisory approval concerning any tax deficiencies; (6) improper

use of his social security number; (7) unlawful attempts to collect taxes through improper notices

of liens and levies issued without proper procedures; and (8) conducting a campaign of

harassment against him.  Id.  Plaintiff seeks an award of damages for violations of the Internal

Revenue Code pursuant to 26 U.S.C. § 7433.[1]  Id. at 25-26.  He also seeks an award damages for

---

[1] Plaintiff asks the Court to conduct judicial review of the IRS actions under the
Administrative Procedure Act, the Federal Records Act, and the National Archives Act, but
emphasizes that his claim for damages is not based on those statutes.  See Am. Compl. at 3-4.  Of

violation of his constitutional right to due process, pursuant to Bivens v. Six Unknown Named

Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over

the subject matter or for failure to state a cause of action, the allegations of the complaint should

be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see

Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips

v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979).  Therefore, the factual allegations must

be presumed true, and plaintiffs must be given every favorable inference that may be drawn from

the allegations of fact.  Scheuer, 416 U.S. at  236; Sparrow v. United Air Lines, Inc., 216 F.3d

1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion

couched as a factual allegation," nor inferences that are unsupported by the facts set out in the

complaint.  Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting

Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is

mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain

"'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007)

(per curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule

_____

course, damages are not available under those statutes.  See  Ross v. United States, 460 F. Supp.
2d 139, 148-50 (D.D.C. 2006)

12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must

furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause

of action."  Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan, 478 U.S. at 286.  Instead, the

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)."  Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted).

## DISCUSSION

### I.      Damages Actions under 26 U.S.C. § 7433

Defendant moves to dismiss plaintiff's damages claim under 26 U.S.C. § 7433 on the

ground that plaintiff has failed to exhaust his administrative remedies, characterizing this

deficiency as a matter of subject matter jurisdiction.  In making this request, defendant urges the

Court to reconsider its prior decisions holding that the statutory exhaustion requirement is not

jurisdictional, but instead is an affirmative defense.  See Def.'s Mem. at 3-16.  This Court has

twice conducted a full analysis of the argument raised by defendant -- first, in Turner v. United

States, 429 F. Supp. 2d 149 (D.D.C. 2006), and then in Ross v. United States, 460 F. Supp. 2d

139 (D.D.C. 2006).  In both cases, the Court held that, under Arbaugh v. Y&H Corp., 546 U.S.

500, 515-16 (2006), and Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004),

the exhaustion requirement in section 7433 is nonjurisdictional because Congress did not rank

the limitation as jurisdictional in "clear, unequivocal terms."  Defendant contends that

reconsideration is warranted because, after the issuance of those decisions, the Supreme Court

limited Arbaugh and that, in any event, this Court has not fully considered whether the terms of

section 7433(d) satisfy the "clear, unequivocal" standard.

The Court first considers defendant's contention that the Supreme Court has limited

Arbaugh in John R. Sand & Gravel Co. v. United States, ___ U.S. ___, 128 S. Ct. 750 (2008).

Nothing in that case, however, suggests that Arbaugh has been limited.  In John R. Sand &

Gravel, the Supreme Court held that the "special statute of limitations" governing the Court of

Federal Claims, 28 U.S.C. § 2501, was a jurisdictional limitation that required sua sponte

consideration. 128 S. Ct at 752.  The Court recognized that the law typically treats a limitations

defense as an affirmative defense, but held that this "special" statute of limitations was

jurisdictional based on longstanding Supreme Court precedent holding this particular limitation

period jurisdictional and "basic principles of stare decisis."  Id. at 753-56.  Defendant contends,

however, that the Supreme Court approved of consideration of "broad[] system-related goals,"

such as the need to limit a waiver of sovereign immunity, to determine whether a limitation on a

cause of action is jurisdictional, and thus necessarily retreated from Arbaugh's focus on the text

of the statute.  See Def.'s Mem. at 5-6 (citing 128 S. Ct. at 753).

Defendant's characterization of the decision in John R. Sand & Gravel is incorrect.  The

isolated reference highlighted by defendant is not a limitation on Arbaugh, but instead only a

basic recognition that some statutes of limitations considered in past Supreme Court decisions

have been held to be jurisdictional, which the Court contrasted with an affirmative defense.  128

S. Ct. at 753.  Indeed, the Supreme Court cited Arbaugh with approval, belying any intent to limit

or overrule it.  Id.  Finally, the decision emphasized that the holding as to the Court of Federal

Claims statute of limitations rested squarely on a long line of "well-settled precedent" finding

that particular statute of limitations to be jurisdictional, not on any disagreement with Arbaugh.

Id. at 754-57.  Hence, this Court sees no basis for concluding that John R. Sand & Gravel has

limited Arbaugh's holding that "when Congress does not rank a statutory limitation

. . . as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

Arbaugh, 546 U.S. at 516.

Defendant argues next that, even under the standard articulated in <u>Arbaugh</u> and the "clear,

unequivocal" textual standard of <u>Avocados Plus</u>, the language of section 7433(d) plainly provides

that exhaustion is jurisdictional.  The Court closely examined that language in <u>Turner</u> and <u>Ross</u>,

and now, considering once again the statutory language, the case law, and the legislative history,

adheres to its original holding that section 7433(d) does not set forth a "clear, unequivocal"

limitation on subject matter jurisdiction.  The language at issue states: "A judgment for damages

shall not be awarded . . . unless the court determines that the plaintiff has exhausted the

administrative remedies available to such plaintiff within the Internal Revenue Service."  26

U.S.C. § 7433(d)(1).  As explained in <u>Ross</u>, "the exhaustion requirement is set forth in a separate

subsection of section 7433 under the heading 'Limitations,' and not in subsection (a) describing

district court jurisdiction," and also is grouped with "two other limitations -- a restriction on

damages based on failure to mitigate and a statute of limitations -- that are generally regarded as

nonjurisdictional."  <u>Ross</u>, 460 F. Supp. 2d at 145-46.

Defendant argues that <u>Ross</u> is wrong because the phrase "the court determines"

exhaustion in section 7433(d) means that the exhaustion requirement affects the power of the

court -- its jurisdiction -- to grant relief.  But Congress used the same phrase -- "the court

determines" -- when, in 1996, it temporarily amended section 7433(d) to make exhaustion only a

discretionary factor in reducing a damages award, before then reinstating exhaustion as a

prerequisite to recovery of any damages in 1998.  <u>Compare</u> Pub. L. 104-168, § 801, 110 Stat.

1452, 1465 (1996) ("The amount of damages . . . may be reduced if the court determines that the

plaintiff has not exhausted the administrative remedies . . . .") <u>with</u> Pub. L. 105-206, § 3102, 112

Stat. 685, 730 (1998) ("A judgment for damages shall not be awarded . . . unless the court

determines that the plaintiff has exhausted the administrative remedies . . . .").  This earlier

nonjurisdictional usage of the phrase "the court determines," in combination with the placement

of the exhaustion provision alongside other nonjurisdictional limitations, further supports the

Court's determination that the section 7433(d) exhaustion provision is nonjurisdictional.

Moreover, exhaustion requirements have been recognized as "typically" nonjurisdictional

-- a characterization underscored by the Supreme Court most recently in Jones v. Bock, 549 U.S.

199, 212 (2007).  See also Avocados Plus, 370 F.3d at 1248.  Indeed, this Circuit, in an

unpublished order, recently indicated that the exhaustion requirement in section 7433(d) is

nonjurisdictional.  See Scott v. United States, No. 07-5310, 2008 WL 1885481 (D.C. Cir. Apr.

25, 2008) (directing district court to reconsider sua sponte dismissal of complaint seeking

damages under section 7433 because, under Jones v. Bock, "failure to exhaust is an affirmative

defense").  Thus, the Court continues to regard exhaustion as a mandatory, but nonjurisdictional,

requirement for pursuing a claim for damages under section 7433.

The nonjurisdictional status of the exhaustion requirement, however, does not save

plaintiff's claim.  Exhaustion remains a requirement of maintaining a suit for damages under

section 7433, and Jones v. Bock recognizes that dismissal for failure to state a claim based on

nonexhaustion may be appropriate if the complaint somehow indicates that the defense is

applicable.  Jones v. Bock, 549 U.S. at 215 ("[w]hether a particular ground for opposing a claim

may be the basis for dismissal for failure to state a claim depends on whether the allegations in

the complaint suffice to establish that ground, not on the nature of the ground in the abstract").

Hence, this Circuit has observed that, "even when failure to exhaust is treated as an affirmative

defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the

exhaustion defense on its face."  See Thompson v. Drug Enforcement Admin., 492 F.3d 428, 438

(D.C. Cir. 2007); see also Lykens v. United States, 523 F. Supp.2d 26, 28 (D.D.C. 2007) (holding

that failure to comply with exhaustion requirement under 7433(d) may be raised in Rule 12(b)(6)

motion); Romashko v. United States, No. 05-2209, 2007 WL 2908754, at * 7 (D.D.C. Sept. 30,

2007) (same).  The Court therefore will consider defendant's request, in the alternative, to

dismiss plaintiff's section 7433 claim under Rule 12(b)(6) for failure to state a claim upon which

relief can be granted.

Plaintiff's response to defendant's motion to dismiss contains not even a bare contention

that he has satisfied the exhaustion requirement set forth at 26 C.F.R. § 301.7433-1.  This

deficiency is suggested by the complaint, which catalogs a lengthy history of correspondence

with various persons at the IRS and implies no attempt was made to submit an administrative

complaint under 26 C.F.R. § 301.7433-1.  See Am. Compl. Statement of Facts at ¶¶ 1-49.

Plaintiff instead argues that the regulation is invalid and relies on his history of correspondence

with the IRS to argue that the regulation should not be applied in this case.  Pl.'s Response to

Mot. to Dismiss at 8-20.  Therefore, unless plaintiff can prevail on his argument that 26 C.F.R.

§ 301.7433-1 is invalid, his amended complaint must be dismissed for failure to exhaust

administrative remedies.

Turning, then, to the validity of the exhaustion regulation, the Court considers plaintiff's

arguments that the IRS lacked authority to promulgate the regulation and that the regulation is

nonbinding.  See Pl.'s Response to Mot. to Dismiss at 8-20.  This Court comprehensively

reviewed the validity of that regulation in Evans v. United States, 433 F. Supp. 2d 17, 21-23

(D.D.C. 2006), and held that the IRS has authority under 26 U.S.C. § 7805(a), and § 7433 itself,

to promulgate the exhaustion regulation.  Plaintiff has offered no reason to revisit that holding,

and it applies with equal force here.

Plaintiff's contention that the regulation is a "nonbinding" interpretive regulation is utterly

without merit.  The plain language of the statutory exhaustion requirement mandates that "the

plaintiff has exhausted <u>the administrative remedies available to such plaintiff within the Internal

Revenue Service.</u>"  26 U.S.C. § 7433(d)(1) (emphasis added).  The requirement to exhaust "the

administrative remedies within the Internal Revenue Service" originates from the statute and is

mandatory on its face.  Furthermore, the regulation at issue was originally promulgated in 1992

and had been in place for six years when Congress reenacted the exhaustion requirement in 1998.

See <u>Evans</u>, 433 F. Supp. 2d at 22 (discussing history of the administrative exhaustion

requirement).  "Congress is presumed to be aware of established practices and authoritative

interpretations of the coordinate branches."  <u>United States v. Wilson</u>, 290 F.3d 347, 357 (D.C.

Cir. 2002).  Hence, the requirement in section 7433(d)(1) to exhaust "the administrative remedies

available to such plaintiff within the Internal Revenue Service" plainly refers to 26 C.F.R. §

301.7433-1.  In the face of this history, it is absurd to call that regulation "nonbinding."  Because

exhaustion of administrative remedies in compliance with  26 C.F.R. § 301.7433-1 is mandatory,

and plaintiff has failed to exhaust those remedies, his amended complaint will be dismissed for

failure to state a claim upon which relief can be granted.[2]

**II.     Damages under <u>Bivens</u>**

Plaintiff characterizes his complaint as also seeking damages under <u>Bivens</u> for

constitutional due process violations by the IRS.  But a <u>Bivens</u> remedy is not available where

---

[2] It also bears noting that much of plaintiff's amended complaint is based on the alleged failure of the IRS to make a lawful assessment of taxes.  However, "section 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax."  <u>See</u> <u>Stewart v. United States</u>, 578 F. Supp. 2d 30, 34 (D.D.C. 2008); <u>Jaeger v. United States</u>, 524 F. Supp. 2d 60, 63-64 (D.D.C. 2007); <u>Bryant v. United States</u>, 527 F. Supp. 2d 137, 140-41 (D.D.C. 2007).  Therefore, the portions of the amended complaint challenging wrongful or missing assessments and other actions not related to "collection" of taxes -- Counts One through Eighteen -- are dismissed on this ground as well.

Congress already has created a "comprehensive remedial scheme."  See Wilson v. Libby, 535

F.3d 697, 705 (D.C. Cir. 2008).   Chapter 76, Subchapter B, of the Internal Revenue Code

comprehensively addresses the circumstances under which taxpayers may pursue civil actions

against the United States based on alleged IRS abuses.  See 26 U.S.C. §§ 7421-36.  As discussed

above, § 7433 provides an action for damages where an IRS officer or employee, "in connection

with any collection of Federal tax with respect to a taxpayer," recklessly or intentionally, or by

reason of negligence, disregards any provision of the Internal Revenue Code or its regulations.

Other remedies include a civil action for a refund of taxes under certain defined circumstances (§

7422), a damages action for unlawful inspection or disclosure of a tax return or return

information ( (§ 7431),  and a damages action where the IRS unlawfully fails to release a lien (§

7432).  Whether these remedies are, in plaintiff's view, adequate, is of no moment, because "it is

the comprehensiveness of the statutory scheme involved, not the adequacy of specific remedies

extended thereunder, that counsels judicial abstention."  Wilson, 535 F.3d at 706.  Because

Congress has comprehensively addressed the availability of damages where IRS employees are

alleged to have violated the Internal Revenue Code, plaintiff may not bring a damages claim

under Bivens for such violations under the mantle of due process.

## CONCLUSION

For the foregoing reason, the Court will grant defendant's motion to dismiss plaintiff's

amended complaint.  A separate order has been issued on this date.

/s/
_____
JOHN D. BATES
United States District Judge

Date:   December 23, 2008