UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ROBERT MARSOUN,
   Plaintiff,

v.

UNITED STATES OF AMERICA,
   Defendant.

Civil Action No. 07-2078 (JDB)

**MEMORANDUM OPINION**

This case has returned to the Court on remand from the D.C. Circuit. Plaintiff initially brought this suit against the United States based on the IRS's alleged disregard of federal tax law, and this Court dismissed his complaint. On appeal, the Circuit affirmed many aspects of that decision but reversed this Court's dismissal of some of plaintiff's claims for failure to exhaust administrative remedies. On remand, defendant has renewed its motion to dismiss, offering new, alternative grounds for dismissing each remaining claim. For the reasons stated below, the Court will grant defendant's renewed motion and dismiss the remaining claims.

I. Background

Plaintiff Michael Marsoun brought this action against the United States on November 13, 2007, claiming that the IRS and its officers disregarded federal tax law while assessing and collecting his taxes from 1990 through 2003. See Am. Compl. at 8-27 (July 29, 2008) [Docket Entry 11]. Plaintiff sought damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for violations of his constitutional due-process rights, as well as under the Taxpayer Bill of Rights, I.R.C. § 7433, for violations of the Internal Revenue Code. Id. On December 23, 2008, this Court granted the government's motion to

dismiss the complaint for failure to state a claim. See Mem. Op. (Dec. 23, 2008) [Docket Entry 16] at 10-11. In that decision, the Court reasoned that plaintiff's Bivens claims were not available because Congress had created a comprehensive remedial scheme to address when taxpayers can sue the United States for alleged abuses by the IRS and its officers. Id. Accordingly, the Court dismissed Counts 1 through 18 of plaintiff's complaint. Id.

The Court dismissed plaintiff's remaining claims, which are asserted under § 7433, for non-exhaustion of administrative remedies. Before a § 7433 claim can be pursued, § 7433(d)(1) requires the plaintiff to exhaust all available administrative remedies. This Court interpreted a then-recent Supreme Court decision, Jones v. Bock, 549 U.S. 199, 215 (2007), to require dismissal of a claim if the complaint does not indicate that the plaintiff has exhausted administrative remedies. See Mem. Op. at 8. Because neither plaintiff's amended complaint nor his response to the government's motion to dismiss contained "even a bare contention that he ha[d] satisfied the exhaustion requirement" set out in § 7433(d)(1) and its accompanying regulations, the Court dismissed the remainder of his claims. Id. at 9-10.

On appeal, the D.C. Circuit upheld this Court's ruling on the unavailability of a cause of action under Bivens for plaintiff's constitutional claims. The Circuit, however, reversed the dismissal of Counts 19 through 25, as well as Count 27. Marsoun v. United States, 439 Fed. Appx. 4, 5 (D.C. Cir. 2011) (per curiam).[1] The court relied on a recent Circuit decision, Kim v. United States, 632 F.3d 713, 718-19 (D.C. Cir. 2010), issued after this Court's 2008 decision, for

---

[1] The D.C. Circuit upheld this Court's dismissal of Count 26 on different grounds. Count 26 alleges that the IRS and its officers failed to certify notices of tax liens under state law. See Am. Compl. at 22. The Circuit agreed with this Court's conclusion that, because the requirements for federal tax liens are governed exclusively by federal law, Count 26 failed to state a claim. See Marsoun, 439 Fed. Appx. at 5.

the conclusion that non-exhaustion is not a proper ground for dismissal under these circumstances. See Marsoun, 439 Fed. Appx. at 5.

In Kim, 632 F.3d at 718-19, the D.C. Circuit concluded that, contrary to this Court's previous conclusion, a claim should not be dismissed for failure to exhaust administrative remedies when the complaint does not plead that administrative remedies have been exhausted. Kim reasoned that, unlike a motion for summary judgment, a motion for dismissal does not allow the parties to present evidence on what administrative remedies have been pursued. See id. And because failure to exhaust administrative remedies is an affirmative defense, not a pleading requirement, "the district court [must] go beyond the face of the complaint and conduct a further inquiry." Id. Hence, a motion to dismiss for failure to state a claim should not be granted for non-exhaustion.

Accordingly, the Circuit reversed the dismissal of claims that this Court had predicated on non-exhaustion and remanded those claims for further consideration, consistent with Kim. See Marsoun, 439 Fed. Appx. at 5. The government has now renewed its motion to dismiss, raising a number of alternative reasons for dismissing remaining each count of plaintiff's complaint.

II. Standard of Review

All that the Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide

the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555–56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); accord Atherton v. Dist. of Columbia Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at 679-680.

      The notice pleading rules are not meant to impose a great burden on a plaintiff. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512–13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant Cnty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555–56). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor does the court accept "a legal conclusion

couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation marks omitted); see also Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (explaining that the court has "never accepted legal conclusions cast in the form of factual allegations").

III. Discussion

Each of the remaining claims is appropriate for dismissal. The grounds for dismissal fall under four different categories. Counts 19, 24, and 25 must be dismissed because, contrary to § 7433's express requirements, they do not relate to the collection of taxes. Counts 20, 21, and 23 must be dismissed because they lack supporting factual allegations. Count 22 must be dismissed because it is time-barred under § 7433's statute of limitations. And Count 27 must be dismissed because it alleges activity that is not unlawful.

A. Counts 19, 24, and 25 Do Not Relate to the Collection of Taxes

Section 7433 allows a taxpayer to bring a civil suit against the United States based on the reckless, intentional, or negligent actions of IRS officers or employees. However, a § 7433 claim is only available if the reckless, intentional, or negligent actions were "in connection with any collection of federal tax." § 7433(a); see also Kim, 632 F.3d at 715. When a prospective § 7433 claim is not connected to tax collection, no relief is available. See Pollinger v. United States, 539 F. Supp. 2d 242, 247-48, 256 (D.D.C 2008). Some courts have dismissed claims unconnected to tax collection for lack of subject-matter jurisdiction. See Kim, 632 F.3d at 716-17. A claim against the United States, when not connected to tax collection, is beyond § 7433's scope; therefore, absent some other basis for jurisdiction, a district court has no power to hear such a claim. See id.

In Count 19, plaintiff alleges that the Commissioner of Internal Revenue failed to develop and implement certain administrative procedures related to liens, levies, and seizures. Compl. at 11 (Nov. 13, 2007) [Docket Entry 1].[2] In the complaint, this allegation is framed as a violation of I.R.C. § 6301, a one-sentence provision giving the Secretary of the Treasury authority to collect taxes. See id. Responding to the government's renewed motion to dismiss, plaintiff clarifies that he is challenging the Commissioner's failure to develop and implement procedures required under the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3421. That provision of the Act requires the Commissioner to develop and implement an approval process for liens, levies, and seizures. Id. But the failure to develop and implement procedures is not connected to tax-collection. Hence, Count 19 will be dismissed for failure to state a claim, or in the alternative, for lack of subject-matter jurisdiction. See, e.g., Scott v. United States, 608 F. Supp. 2d 73, 80 (D.D.C. 2009) (dismissing identical claim for similar reasons); Spahr v. United States, 501 F. Supp. 2d 92, 96 (D.D.C. 2007) (same).

Under I.R.C. § 6751(b)(1), supervisory approval within the IRS is required for any penalty determination. In Count 24, plaintiff alleges that the IRS and its officers disregarded this statute when they failed to verify supervisory approval for an unspecified penalty determination against plaintiff. Am. Compl. at 22. Putting aside plaintiff's failure to allege a penalty determination in his pleadings, this is not a valid claim under § 7433. Failing to verify supervisory approval is not connected to the collection of taxes. In Kim, the D.C. Circuit noted

---

[2] This description of Count 19 is taken from the original complaint. Page 20 of plaintiff's amended complaint, which presumably would include Count 19, is missing from the document presented to the Court. Because the amended complaint does not incorporate it by reference, it is unlikely that Count 19 is actually properly before the Court. See, e.g., Lowden v. William M. Mercer, Inc., 903 F. Supp. 212, 216 (D. Mass. 1995) ("The later pleading must specifically identify which portions of the prior pleading are adopted therein."); Nisbet v. Van Tuyl, 224 F.2d 66, 71 (7th Cir. 1955) ("The prior pleading is in effect withdrawn as to all matters.").

that a statute's location within the Code can indicate whether it is connected to tax collection. See 632 F.3d at 716. Section 6751 is located in Chapter 68, entitled "Additions to the Tax, Additional Amounts, and Assessable Penalties." This title indicates that § 6751(b)(1) is an assessment-related procedure, unconnected to the collection of federal taxes, and thus cannot serve as the basis for a proper claim under § 7433. Hence, Count 24 will be dismissed for failure to state a claim, or in the alternative, for lack of subject-matter jurisdiction. See, e.g., Pollinger, 539 F. Supp. 2d at 247-48, 256 (dismissing identical claim for similar reasons); Bryant v. United States, 527 F. Supp. 2d 137, 142 (D.D.C. 2007) (same).

In Count 25, plaintiff alleges that the IRS and its officers asserted liens for which no assessment was made in accordance with I.R.C. § 6203 or its accompanying regulations. Am. Compl. at 22. Section 6203 is entitled "Methods of Assessment," and is located in the "Assessment" chapter of the Code. The statute provides that a taxpayer's liability should be assessed in accordance with regulations promulgated by the Secretary of the Treasury. As both the statute's substance and its location within the Code suggest, § 6204 is not connected to tax collection. Hence, Count 25 will also be dismissed for failure to state a claim, or in the alternative, for lack of subject-matter jurisdiction. See, e.g., Pollinger, 539 F. Supp. 2d at 255-56 (dismissing identical claim for similar reasons).

B. Counts 20, 21, and 23 Lack Any Supporting Factual Allegations

A complaint must allege sufficient facts showing the plausibility, not just the possibility, of the assertions made. Twombly, 550 U.S. at 557, 570. The Court need not accept "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Counts 20, 21, and 23 fail to meet these pleading standards, because the claims they allege are unsupported by plaintiff's factual allegations.

Both Counts 20 and 23 are predicated on improper notice. In Count 20, plaintiff alleges that the IRS and its officers failed to give notice within sixty days of a tax assessment, as required by I.R.C. § 6203. Am. Compl. at 20. In Count 23, plaintiff alleges that the IRS and its officers failed give proper notice before asserting a lien as required by I.R.C. § 6321. Id. at 21. However, in his statement of facts, plaintiff avers that he was given notices and demands for payments multiple times. See, e.g., Stmt. of Facts ¶¶ 9, 16, 18, 23, 33, 34, 37 [Docket Entry 11] Attach. 1. In his reply to defendant's motion, plaintiff claims that these notices were not sent within the requisite sixty-day period. Despite this conclusory assertion, "[the complaint] provides no information from which the Court can discern the nature or timing of the assessment to which plaintiff refers." Eliason v. United States, 551 F. Supp. 2d 63, 66 (D.D.C. 2008). Because no facts alleging noncompliance with the 60-day period prescribed by § 6203 are offered, the Court will dismiss this claim. Similarly, nowhere does plaintiff allege facts suggesting that any lien was asserted without the requisite notice. Hence, Counts 20 and 23 must be dismissed for failure to state a claim upon which relief can be granted. See id. (dismissing identical claims for similar reasons).

I.R.C. § 6304(b) prohibits the IRS and its officers from "engag[ing] in conduct the natural consequence of which is to harass, oppress, or abuse any person with the collection of any unpaid tax." Although that prohibition is one of general applicability, the examples enumerated thereafter demonstrate the type of conduct the statute is intended to prohibit, such "as the use or threat of use of violence"; "the use of obscene or profane language"; or "engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass." I.R.C. § 6304(b)(1)-(3); see also Spahr, 501 F. Supp. 2d at 97. In Count 21, plaintiff alleges that the IRS and it officers violated this statute by harassing the plaintiff in connection

with the collection of an unpaid tax. Am. Compl. at 21. However, nowhere does plaintiff allege any facts that would support a claim of harassment or abuse. Id. His allegation of harassment, which simply restates § 6304's statutory language, is nothing more than "a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. As such, it fails to meet the liberal pleading standards established by the Federal Rules of Civil Procedure. See id. Other courts have dismissed identical claims of harassment on the same grounds. See, e.g., Spahr, 501 F. Supp. 2d at 97; Wesselman v. United States, 501 F. Supp. 2d 98, 102-03 (D.D.C. 2007). This Court reaches that same conclusion here, and therefore will dismiss Count 22.

C. Count 22 Is Time-Barred by § 7433's Statute of Limitations

In Count 22, plaintiff alleges that he was not given a hearing to dispute his underlying liability, in violation of I.R.C. §§ 6320 and 6330.  Am. Compl. at 21. Under I.R.C. § 6320(a)(3)(B), a taxpayer can request a hearing after receiving a notice of a lien, and under I.R.C. § 6330(a)(3)(B), he can make a similar request after receiving a notice of levy. Plaintiff claims that he requested, but did not receive, a hearing in early September 2005, after receiving notice of a levy. See Stmt. of Facts ¶¶ 34-35. He makes no such claim regarding a notice of a lien.

Plaintiff first raised the issue of a hearing under § 6330 almost three years after receiving the notice of levy, when he filed his amended complaint on July 29, 2008. See Am. Compl. at 21. Section 7433(d)(3) requires claims to be brought within two years of the date when a cause of action accrues. Because any possible cause of action would have accrued when he received the notice, this claim is time-barred by § 7433(d)(3)'s statute of limitations. See Keohane v. United States, 669 F.3d 325, 330 (D.D.C. 2012) (statute of limitations begins to run upon receipt of

notice of levy). Because this claim in Count 22 is time-barred on its face, the Court must dismiss it on statute-of-limitations grounds. DePippo v. Chertoff, 452 F. Supp. 2d 30, 33 (D.D.C 2006).

Plaintiff raises several arguments against applying the statute of limitations to bar his claim. First, he extensively quotes from this Court's previous opinion, which he apparently construes to hold that § 7433(d)(3)'s statute of limitations does not apply here. See Pl.'s Mem. in Opp'n at 5-7 (Sept. 22, 2008) [Docket Entry 24]. In particular, he relies on the Court's rejection of § 7433(d)(3) as a jurisdictional limitation. Id. But plaintiff confuses the issue. While the Court stands by its earlier ruling that § 7433(d)(3) is not a limit on jurisdiction, it does not follow that plaintiff can proceed with a claim that is time-barred by that section. That earlier ruling only serves to make it clear that this Court has subject-matter jurisdiction to hear and dispose of plaintiff's claim. Next, plaintiff argues that the statute of limitations did not accrue until he became aware of the cause of action created by § 7433. However, "it is a common maxim that ignorance of the law will not excuse any person, either civilly or criminally." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605, 1606 (2010). Hence, plaintiff's actual knowledge of the availability of a claim is irrelevant; the statute of limitations began accruing when plaintiff received the notice. Finally, plaintiff contends that, because § 6330 did not go into effect until after he received a notice of deficiency, dated March 26, 1997, the statute of limitations should not apply to that claim. See Pl.'s Mem. in Opp'n at 8. The date § 6330 went into effect, however, has no bearing on the statute of limitations for such a claim. Instead, it means that plaintiff was not entitled to a hearing at all concerning that particular notice, because at the time, there was no statutory right to such a hearing. Hence, Count 22 is barred by the applicable statute of limitations and will be dismissed.

D. Count 27 Challenges Conduct That Is Not Illegal

Finally, in Count 27, plaintiff contends that the IRS and its officers, in disregard of I.R.C. § 7213, unlawfully disclosed his return information by filing notices of liens for which there is no record of assessment. Am. Comp. at 23. To the extent that plaintiff contests the validity of the liens by challenging the underlying assessment, the assessment is not connected with collection activities as required by § 7433, and the claim must be dismissed for that reason. In addition, plaintiff's allegation that his return information was unlawfully disclosed has no merit. I.R.C. § 6103(k)(6) permits the disclosure of return information "to the extent that such disclosure is necessary in obtaining information . . . with respect to enforcement of any other provisions of [the Code]." Interpreting this section, along with its implementing regulations, other courts have concluded that a notice of a lien does not give rise to a claim for unauthorized disclosure. See, e.g., Boritz v. United States, 685 F. Supp. 2d 113, 127-28 (D.D.C. 2010); Pollinger, 539 F. Supp. 2d at 253; Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000). This Court agrees with this conclusion because some disclosure of return information is inevitable when liens are placed. Accordingly, Count 27 will be dismissed.

IV. Conclusion

All of plaintiff's remaining claims will be dismissed. Counts 19, 24, and 25 will be dismissed because, contrary to § 7433's express requirements, these claims do not relate to the collection of taxes. Counts 20, 21, and 23 will be dismissed because they lack any factual allegations to support the legal conclusions they assert. Count 22 will be dismissed because it is time-barred by § 7433's statute of limitations. And Count 27 will be dismissed because it challenges conduct that is not unlawful. A separate order has been issued on this date.


 /s/
JOHN D. BATES
United States District Judge

Dated: <u>July 30, 2012</u>